Vern **WILLIAMS** and Marjorie Williams,
Appellees,

v.

Richard Kenneth **KLEMESRUD**, Appellant.

No. 54900.

Supreme Court of Iowa.

May 11, 1972.

Larson & Carr, Charles City, and Brown, Dresser & Kinsey, Mason City, for appellant.

Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, for appellees.

REYNOLDSON, Justice.

This is an interlocutory appeal from a ruling entered on motion under rule 105, Rules of Civil Procedure. Plaintiffs, injured in a vehicle collision, brought a law action for damages against defendant, alleging he sold or gave liquor to the driver of the other colliding auto, causing his intoxication, in violation of § 129.2, Code, 1966. The motion presented two issues

raised by the pleadings: 1) did § 129.2 give plaintiffs a cause of action against a defendant not engaged in liquor traffic, and 2) is the defense of contributory negligence available to this defendant, sued under the dram shop statute? Trial court held the statute *did* provide a right of action in this situation, and ruled the contributory negligence defense was not available. We affirm.

On September 30, 1967 the 21 year old defendant was attending college at Mason City, Iowa. His friend, Robert John Neis, age 20, provided money and solicited defendant to purchase a pint of vodka for him at the state liquor store, which he did. On submission below the parties stipulated defendant was neither engaged in liquor traffic for profit nor a licensee or permittee for sale of liquor or beer. It was further stipulated defendant made no profit from the transaction, which had no business purpose and was purely social. The parties agreed Neis consumed the liquor and became intoxicated on the above date and subsequently, while driving an auto, was involved in the collision causing plaintiffs' injuries and damages.

Defendant's answer alleged plaintiff Vern Williams was operating his auto, in which plaintiff Marjorie Williams was a passenger. Defendant asserted Williams stopped at a stop sign before entering through highway #9 and #218 upon which Neis was traveling, then left-turned into the intersection in front of Neis, whose auto struck the Williams vehicle from the rear. A proximate cause of the collision was alleged to be negligence of the respective plaintiffs, specified in separate divisions of the answer.

I. *Did § 129.2, Code, 1966, provide plaintiffs a right of action against a defendant not engaged in liquor traffic?*

On September 30, 1967, section 129.2, Code 1966, relevantly provided:

"129.2 *Civil action.* Every * * * person who shall be injured in person or property * * * by any intoxicated person * * * shall have a right of action * * * against any person who shall, by selling or giving to another contrary to the provisions of this title any intoxicating liquors, cause the intoxication of such person, for all damages actually sustained, as well as exemplary damages."

The antecedent of that statute was first enacted in 1862 as Chapter 47, Acts of the 9th General Assembly. On first impression it apparently governs the situation before us, and plainly provides a basis for plaintiffs' cause of action. Defendant would appear to fall into the category, "any person." Clearly, he sold or gave intoxicating liquor to his friend Neis, contrary to the provisions of "this title" (Title VI). Specifically, defendant violated § 123.43, Code, 1966, in providing liquor to a person under age 21.

■ However, defendant asserts the general rule restricts the term "any person" to those engaged in liquor traffic or sales, thus excluding defendant under the stipulated facts. He cites Miller v. Owens-Illinois Glass Company, 48 Ill.App.2d 412, 199 N.E.2d 300 (1964), and its accompanying annotation, "Dramshop Act—Nonbusiness Seller", 8 A.L.R.3d 1412 (1966).

Few cases from other jurisdictions deal with this issue. Most of the decisions from which the writer of the cited annotation distilled the "general rule" are from Illinois. That state interprets its dram shop statute as penal in character and therefore to be strictly construed. Miller v. Owens-Illinois Glass Company, supra. In Iowa, the reverse is true. We have held these statutes to be remedial or compensatory. We have rejected rules of strict construction which would limit the scope of the act and thus impair the remedy and advance the mischief sought to be corrected. See Wendelin v. Russell, 259 Iowa 1152, 1158, 147 N.W.2d 188, 192 (1966), and cases there collected.

While this court has never directly confronted the above issue, it has affirmed

judgments in a dram shop case against individuals entirely disassociated from liquor traffic or sales. Peterson v. Brackey, 143 Iowa 75, 119 N.W. 967 (1909). We decline to restrict the application of this statute as suggested by defendant. Some support for our holding is provided by Dahlin v. Kron, 232 Minn. 312, 45 N.W.2d 833 (1950); Wesnieski v. Vanek, 5 Neb. (Unoff.) 512, 99 N.W. 258 (1904).

■ But defendant has a second line of defense. He asserts § 129.2 was repealed when the legislature enacted the Liquor Control Act in 1934 (chapter 123, Code, 1966). Section 123.2 provides wherever existing laws conflict with the provisions of chapter 123, such laws are superseded. Defendant argues § 129.2, imposing liability on "any person," conflicts with § 123.95 (which imposes liability only on liquor licensees and permittees) and is therefore superseded. It would follow, if the rationale were adopted, plaintiffs would have no right of action against defendant, who is neither a licensee or permittee.

The same contention concerning these two code sections was squarely before this court in Wendelin v. Russell, supra. We held although there were factors differentiating the old act (§ 129.2) from the new act (§ 123.95) no such conflict existed as would justify the repeal by implication of § 129.2. On this point we prophetically observed, 259 Iowa at 1162, 147 N.W.2d at 194:

"The fact remains these two acts must be deemed to be in full force. If any change is to be effected in either or both, it must come from the legislature."

In 1971 the legislature did enact a new Liquor and Beer Control Act. First session, 64th General Assembly, Chapter 131. Section 92 of that act is entitled "Civil liability applicable to sale or gift of beer or intoxicants by licensees." Liability is restricted to licensees and permittees. Chapters 123 and 129, Code, 1966, are specifically repealed by § 152 of the new act, which went into effect as to most of its

provisions on January 1, 1972. While the new legislation cannot affect this litigation, it is apparent cases such as this will not arise in the future.

For the reasons above stated, we agree with trial court's ruling. Section 129.2, Code 1966, was in effect on September 30, 1967 and afforded a right of action against an individual not engaged in liquor traffic.

II. *Is the defense of contributory negligence available to this dram shop defendant?*

■■ Presented here are plaintiffs who carry no taint of complicity or participation in the intoxication of Neis. Defendant does not contend the stipulated intoxication of Neis was unconnected with the collision and resulting injury and damage to plaintiffs. The sole issue is whether plaintiffs' alleged contributory negligence is a defense available to defendant, sued under the dram shop statute, § 129.2.

It should be initially noted plaintiffs invoke a statutory right of action not found at common law. Bistline v. Ney Bros., 134 Iowa 172, 111 N.W. 422 (1907). Such statutes are characterized in 45 Am.Jur.2d, Intoxicating Liquors § 561, p. 859, as follows:

"These statutes, commonly known as 'civil damage acts' or 'dramshop acts,' afford remedies unknown to the common law. The remedies created by the statutes are not in any sense common-law negligence actions. New, separate, and distinct rights of action are conferred."

To the same effect, see 48 C.J.S. Intoxicating Liquors § 432, p. 718.

Contributory negligence is ordinarily defined as " * * * conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause *co-operating with the negligence of the defendant* in bringing about the plaintiff's harm." Restatement (Second) of Torts § 463, p. 506 (1965). (Em

phasis added.) However, defendant's negligence is not an element in this case. Herein lies the reason appellant's brief, although well prepared, cites no decision holding contributory negligence a defense to the statute-based action.

On the other hand, numerous jurisdictions have rejected that defense in dram shop litigation, reasoning contributory negligence is inapplicable as a defense because the statutory right is not necessarily based upon fault or negligence. Zucker v. Vogt, 329 F.2d 426 (2 Cir. 1964); Galvin v. Jennings, 289 F.2d 15 (3 Cir. 1961); Cookinham v. Sullivan, 23 Conn.Supp. 193, 179 A.2d 840 (1962); Osinger v. Christian, 43 Ill.App.2d 480, 193 N.E.2d 872 (1963); Genesee Merchants Bank & Trust Co. v. Bourrie, 375 Mich. 383, 134 N.W.2d 713 (1965); Turk v. Long Branch Saloon, Inc., 280 Minn. 438, 159 N.W.2d 903 (1968); Soronen v. Olde Milford Inn, 84 N.J.Super. 372, 202 A.2d 208 (1964), rev'd on other grounds, 46 N.J. 582, 218 A.2d 630 (1966); Majors v. Brodhead Hotel, 416 Pa. 265, 205 A.2d 873 (1965). See also 45 Am.Jur.2d, Intoxicating Liquors § 588, p. 879; 48 C.J.S., Intoxicating Liquors § 446, p. 724.

This rule was inferentially recognized by our decision in Berge v. Harris, 170 N.W. 2d 621, 625 (Iowa 1969) where we said,

> "The authorities cited by plaintiff in support of her contention hold contributory negligence is no defense to an action under the dramshop act as such action is based on the breach of a statutory duty and does not require a showing of negligence. (citing cases)

> "The same line of cases recognizes the *equally well established rule* of complicity * * *." (Emphasis added.)

The Iowa Supreme Court has declined to hold a common-law tort liability arises out of a sale of intoxicating liquor. Cowman v. Hansen, 250 Iowa 358, 92 N.W.2d 682 (1958). Dram shop statutes impose strict liability, without negligence, upon the seller. W. Prosser, Law of Torts § 81, p. 538 (4th ed. 1971). The ordinary concepts of proximate cause are not strictly applied. Lee v. Hederman, 158 Iowa 719, 138 N.W. 893 (1912); Bistline v. Ney Bros., 134 Iowa 172, 111 N.W. 422 (1907). Similarly, we now hold the stereotype contributory negligence defense has no application.

Affirmed.

All Justices concur, except McCORMICK, J., who takes no part.