359 So.2d 706 (1978)
Luddie P. WEAVER
v.
Glenn J. O'BANION et al.
Luddie P. WEAVER
v.
LOUISIANA STATE POLICE DEPT.
Nos. 11974, 11975.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
Dissenting Opinion May 2, 1978.
Writs Refused June 30, 1978.
*707 Gary L. Keyser, Baton Rouge, of counsel for plaintiff-appellee Luddie P. Weaver.
Lynn E. Williams, Baton Rouge, of counsel for defendant-appellee Glenn J. O'Banion.
Hanson Scobee and Calvin E. Hardin, Baton Rouge, of counsel for defendants-appellants Reuben's, Inc., and Jefferson Insurance Co. of New York.
Arthur J. O'Keefe, New Orleans, of counsel for intervenor-appellee Houston General Ins. Co.
Before LANDRY, LOTTINGER, CHIASSON, EDWARDS and PONDER, JJ.
PONDER, Judge.
One suit seeks damages for injuries received by an off-duty State Police Officer in a barroom fight. Joined as defendant were the assailant, his employer, the bar owner and its insuror. The other suit, a workmen's compensation action, was compromised and the workmen's compensation insuror intervened to recover the amounts paid to plaintiff.
Judgment was rendered in favor of plaintiff and intervenor and against the assailant, the bar owner and its insuror. The latter two appealed. The first did not appeal or answer the appeal; the judgment against him is final.
The issues are:
(1) The duty owed by the bar owner and its scope;
(2) The assumption of risk by plaintiff, and
(3) The amount of the award.
We reverse and render.
Plaintiff, dressed in plain clothes, entered the bar, ordered a beer, and went to the restroom. While there he heard a disturbance. Reentering the bar, he identified himself as a state police officer and attempted to quiet the disturbance. At first the assailant appeared to be leaving the premises quietly but turned and struck the plaintiff. Plaintiff arrested the assailant and turned him over to other officers when they arrived.
A bar operator owes the duty to provide the protection necessary to keep the house orderly and safe. De Hart v. Travelers Insurance Co., 10 So.2d 597 (Orl.La.App., 1942); Borne v. Bourg, 327 So.2d 607, (La. App. 4th Cir. 1976).
The statement of the duty, however, does not end the matter. The quotation in Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972) from Malone, Ruminations on Cause-In-Fact, 9 Stanford L.Rev. 60, 73 (1956),[1] is applicable here; it is not every person that is protected from every risk.
Under the above facts we find that plaintiff had ceased to be just a patron of the bar. He had voluntarily reassumed his duties as a policeman.
Counsel has cited no Louisiana cases on the subject of the duty owed to a policeman under these circumstances and we have found nothing closer than Thompson v. *708 Warehouse Corp. of America, Inc., 337 So.2d 572 (La.App. 4th Cir., 1976) in which it was held that a fireman was not within the ambit of the duty owed by a property owner who negligently caused a fire.
Plaintiff's contention puts a bartender in the position of being responsible to patrons for injuries he does not prevent by, among other means, calling the police and to the police if he calls them and one is injured. We therefore hold that the ambit of protection owed by the bartender does not extend to the policeman acting as such.
As a result of the above holding we do not reach the issues of assumption of the risk and quantum.
For these reasons, the judgment in favor of Luddie P. Weaver and Houston General Insurance Company and against Reuben's, Inc., and Jefferson Insurance Company of New York is reversed, and as to them the suit is dismissed at plaintiff's costs.
REVERSED AND RENDERED.
LOTTINGER, J., dissents and assigns reasons.
LOTTINGER, Judge, dissenting.
I respectfully dissent from the conclusion by the majority that "plaintiff had ceased to be just a patron of the bar" and "voluntarily reassumed his duties as a policeman".
Luddie P. Weaver entered the defendant's establishment as a patron, and simply by announcing he was a police officer and exhibiting his badge in an attempt to quell a disturbance did not transform him into a police officer so as to deprive him of a cause of action against the defendant-bar owner. He did not enter the bar in response to a police call, and thus, I find him to be no different than a private citizen who attempts to quiet customers under similar circumstances.
The defendant-bar owner had for too long allowed a situation to continue to intensify, thus exposing his customers to an uncontrollable and dangerous patron.
I would affirm the trial judge's decision.
Therefore, I respectfully dissent.
NOTES
[1] "All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape."