Delbert HANNAH, Appellant,

v.

Robert N. JENSEN, Defendant,

Chmielewski, Inc., Respondent,

The Red Carpet Bar, Inc., Respondent.

No. 50244.

Supreme Court of Minnesota.

Sept. 5, 1980.

Donohue & Rajkowski and Michael H. Donohue, St. Cloud, for appellant.

Dean K. Johnson and Edward R. Soshnik, Bloomington, for Chmielewski, Inc.

Foster, Waldeck, Lind & Humphrey, and Thomas A. Foster, Minneapolis, for The Red Carpet Bar, Inc.

Mansur & Mansur and Edward N. Mansur, Minnesota Police & Peace Officers Assoc., St. Paul, amicus curiae.

Heard before OTIS, PETERSON, and SCOTT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Plaintiff, Delbert Hannah, a St. Cloud city police officer, sued defendants Robert N. Jensen, Chmielewski, Inc., and The Red Carpet Bar, Inc., for injuries inflicted upon him by Jensen, who had become intoxicated in bars owned by Chmielewski and The Red Carpet. Plaintiff appeals from the order and judgment of the district court dismissing his claim against the bar owners on the ground that the "fireman's rule" precluded him from recovering from the bar owners under either common–law negligence [1] or the Minnesota Liquor Liability (Dram Shop) Act, Minn.Stat. § 340.95 (1976). We affirm.

Hannah was injured by Jensen on August 21, 1976, outside the Office Bar, which is owned and operated by Chmielewski. According to Hannah's uncontested statement of the facts, Jensen had begun drinking at approximately noon and continued drinking throughout the day at bars owned by

1. Although the trial court ruled on plaintiff's common–law negligence claim, no argument on the issue is raised in the appellate briefs. In *Robinson v. Lamott*, 289 N.W.2d 60 (Minn. 1979), we ruled that the dram shop act is the exclusive remedy against liquor vendors and a common–law action is not available. Consequently, it is unnecessary to address the common--law negligence claim.

Chmielewski and The Red Carpet. Sometime after 8 p.m., Jensen was involved in a fight at the Office Bar and was removed by two police officers to the St. Cloud Police Department but was released 15 minutes later. Shortly after his release, Jensen returned to the Office Bar, where he entered into an altercation with the bartender. An employee of the bar summoned Hannah, who was on duty as a police officer at the time. Hannah entered the bar and escorted Jensen outside, where a scuffle ensued and Hannah was injured.

We held in *Armstrong v. Mailand*, 284 N.W.2d 343 (Minn.1979), that the doctrine of primary assumption of risk relieves landowners of their duty of reasonable care toward firemen with respect to risks that could reasonably be anticipated as a part of firefighting. Relying on this "fireman's rule," the trial court in the instant case concluded

> that the Dram Shop Law * * * was enacted to protect member of the general public but that it does not protect police officers from injury when, in their official capacity, they knowingly assume the risk in a primary sense and where the violation of Statute creates the very occasion for their involvement.

Thus, the sole issue raised by this appeal is whether the trial court correctly applied the fireman's rule to preclude a police officer, injured in the performance of his duties by an intoxicated person, from recovering from a bar owner under the dram shop act.

The 1976 language of § 340.95 provided:[2]

> Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all dam-

ages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof.

The statute imposes strict liability on the part of a defendant bar owner. Hannah therefore argues that the fireman's rule rationale of primary assumption of risk should not apply in a dram shop action.

■■ It is true that the fireman's rule cannot be invoked where the statute upon which the action is based imposes absolute liability upon the defendant. In such a statute, the public policy holding the defendant responsible is so strong that a plaintiff's conduct should not be a consideration. *Armstrong v. Mailand*, 284 N.W.2d at 351. However, § 340.95 does not protect intoxicated persons injured as a result of their own intoxication, so the statute cannot be said to impose absolute liability. *See Zerby v. Warren*, 297 Minn. 134, 139–40, 210 N.W.2d 58, 62 (1973). On the other hand, we held in *Armstrong* that the fireman's rule is available in cases based upon strict liability, and a dram shop action would fall within that category.

■ The question, then, is whether police officers are within the class of persons that § 340.95 was designed to protect. We conclude that they are not. A police officer certainly can anticipate that an intoxicated person, whom the officer is called to subdue, may become aggressive or even violent. The risk of injury from such a person is an inherent part of police work, just as the danger of explosion is an inherent part of firefighting. In performing his official duties, Hannah manifested his consent to assume the risks he could reasonably anticipate would accompany those duties. Therefore, the rationale of the fireman's rule clearly applies to this case.[3]

---

2. The statute was amended by 1977 Minn. Laws, ch. 390, but the amendments apply only to causes of action arising on or after July 1, 1977.

3. Other jurisdictions that have considered this issue have denied to police officers recovery under dram shop acts. *Walters v. Sloan*, 20 Cal.3d 199, 571 P.2d 609, 142 Cal.Rptr. 152

Considerations of public policy further support this conclusion. If police officers are allowed to recover under the statute, bar owners might be inhibited from summoning the police for aid in disturbances and, instead, would resort to self-help measures, creating additional risk to the public. It would not be in the public interest to discourage bar owners from calling upon those who are trained and employed to deal with these situations.

We hold, therefore, that the fireman's rule does apply to bar recovery by police officers in dram shop actions where the injuries resulted from risks reasonably anticipated in the course of the officers' duties. The order and judgment of the district court dismissing Hannah's claims against defendants Chmielewski and The Red Carpet are accordingly affirmed.

Affirmed.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

SCOTT, Justice (dissenting).

I must dissent. The "fireman's rule," although invoked in *Armstrong v. Mailand*, 284 N.W.2d 343 (Minn.1979), is not a favorite principle of the law. *See, e. g.*, W. Prosser, *Handbook of the Law of Torts*, § 61 (4th ed. 1971); 64 Minn.L.Rev. 878 (1980). As a result, use of the doctrine must be strictly limited and the principle only applied when clearly indicated. I submit that utilization of the "fireman's rule" is not so indicated in the dram shop context.

Unlike the *Armstrong* decision, plaintiff's claim in this case is founded in statute, Minn.Stat. § 340.95 (1976) (the Dram Shop Act). As such, the legislature defines the parameters of the instant cause of action, and our responsibility is to construe this statutorily conferred right in light of the legislative intent. *E. g.*, Minn.Stat. § 645.16 (1978). In so construing the statute, it is clear that the Dram Shop Act contemplates that a remedy be afforded a large class of people. It grants a cause of action to:

"Every husband, wife, child, parent, guardian, employer, or *other person* who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, * * against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, * * *."

(Emphasis added.) Nowhere in this legislation is it suggested that police officers are not to be regarded as "other persons" within the meaning of the Act. *See Kvanli v. Village of Watson*, 272 Minn. 481, 139 N.W.2d 275 (1965). Moreover, as recognized by this court, the Dram Shop Act must be liberally construed "to suppress the mischief and advance the remedy." *Hahn v. City of Ortonville*, 238 Minn. 428, 436, 57 N.W.2d 254, 261 (1953). *See also Zerby v. Warren*, 297 Minn. 134, 210 N.W.2d 58 (1973); *Ross v. Ross*, 294 Minn. 115, 200 N.W.2d 149 (1972). Thus, in the absence of clear legislative guidance to the contrary, I believe a proper construction of the statute allows a police officer to proceed under the Dram Shop Act.[1]

(1977), cited in *Armstrong*, 284 N.W.2d at 349; *Weaver v. O'Banion*, 359 So.2d 706 (La.Ct. of App. 1978).

1. Similar reasoning is employed in Comment, *Walters v. Sloan*: *Policemen "Burned" by Fireman's Rule*, 5 W.St.U.L.Rev. 231 (1978), which discusses the propriety of applying the "fireman's rule" to preclude police officers from recovering under the California Dram Shop legislation. In criticizing the *Walters v. Sloan* decision, 20 Cal.3d 199, 571 P.2d 609, 142 Cal. Rptr. 152 (1977), the authors stated that:

The primary propose of the Alcoholic Beverage Control Act, as expressed in Section

23001, is "the protection of the safety, welfare, health, peace and morals *of the people of the State* * * *." Because the section re-emphasizes that this exercise of the police power is for the protection "of the State and of *all its people*," and mandates that "[a]ll provisions * * * shall be liberally construed for the accomplishment of these purposes," it necessarily follows that the class of persons to be protected should not be undermined by judicial pronouncement. It must be assumed that the legislature knew what it was saying and meant what it said. The word "all," as used it the statutory phrase "all its people," does not suddenly jump in its

The decision of the majority, in effect, attributes to the legislature an implicit intention to incorporate the much-maligned "fireman's rule" into the Dram Shop Act. I believe such a conclusion is mere speculation and is inconsistent with our obligation to liberally construe the subject legislation. *See id.* Nor am I persuaded that allowing an officer to recover under § 340.95 will deter dram shop owners from calling on police personnel to quell disturbances in their places of business. In that dram shop insurance will most likely cover any damages sustained by a police officer, I find it difficult to believe that bar owners would compromise the physical well-being of their patrons and their establishments by failing to summon appropriate law enforcement authorities.[2]

In summary, the question of whether police officers should be allowed to pursue a claim under the Dram Shop Act is a matter within the province of the legislature. Since legislative intent does not manifest a desire to preclude officers from recovering under the Act, I believe the so-called "fireman's rule" is inapplicable to this case.

meaning to "all its people except policemen" without some judicial calculation. Absent an express statutory exclusion, no other conclusion can be drawn but that policemen should be afforded the intended statutory protection. Comment, *supra,* at 247 (emphasis in original) (footnotes omitted).

2. Similarly, Prosser reasons that "[t]he argument, occasionally offered, that tort liability might deter landowners from uttering such cries of distress [to policemen and firemen] is surely preposterous rubbish." W. Prosser, *Handbook of the Law of Torts,* § 61 at 397 (4th ed. 1971) (footnote omitted).