**Martin J. POTTEBAUM and Robert Michael Post, Appellees,**

v.

**Thomas E. HINDS and Kent Larson d/b/a Kent Properties, Ltd., a/k/a Naked Zoo, Appellants.**

No. 83–551.

Supreme Court of Iowa.

April 11, 1984.

Thomas M. Plaza of Gleysteen, Harper, Eidsmoe, Heidman & Redmond, Sioux City, for appellants.

Harry H. Smith, MacDonald Smith, and Dennis M. McElwain of Smith & Smith, Sioux City, for appellees.

SCHULTZ, Justice.

This appeal raises an issue of first impression. In particular, we must decide whether we will join the general trend and adopt the fireman's rule which limits liability for certain negligent acts or wrongful conduct causing on-the-job injuries to firefighters or policemen. If we do, we also must decide whether the rule would apply to a dram shop action brought pursuant to Iowa Code section 123.92. While the term "fireman's rule" is used generically, this common law doctrine, in actuality, is a product of various legal theories resulting in several different rules. We determine public policy supports adoption of a narrow rule denying recovery to a firefighter and policeman whenever their injuries are caused by the very wrong that initially required the presence of an officer in his official capacity and subjected him to harm.

We also hold that the rule, when applicable, bars recovery in a dram shop action.

The facts underlying this case are simply stated. Martin J. Pottebaum and Robert Michael Post, two Sioux City police officers, filed a dram shop action against Kent Larson, operator of the Naked Zoo Tavern, seeking damages for injuries they sustained when an intoxicated patron assaulted them while they were attempting to quell a disturbance at Larson's tavern. In a separate division of their petition, plaintiffs also sued the patron, Thomas E. Hinds. The claim against Hinds is not involved in this appeal and is unaffected by our decision today.

In his answer and also in a subsequent motion for judgment on the pleadings, defendant Larson asserted that the fireman's rule barred policemen from recovering for injuries sustained while acting in their official capacity. The district court overruled the motion on the ground that "Iowa has not adopted the fireman's rule nor has it applied it to Iowa Code § 123.92 (1981)." We hold that under the narrow formulation of the rule adopted by us today, the dram shop operator was entitled to judgment on the pleadings. Accordingly, we reverse the district court.

The dram shop operator's arguments may be fairly summarized by his reference to the long, solid history of the fireman's rule, the near universal recognition by courts of this common law doctrine, its application to policemen, and finally the more recent extension of the rule to dram shop liability cases.

Plaintiffs, on the other hand, contend that whatever else we may decide about the rule, we should not judicially engraft a nonstatutory exception onto section 123.92 since the purpose of that act was to provide a remedy not available at common law. Additionally, they point out various criticisms of the rule and further claim that defendant has failed to demonstrate overriding policy considerations justifying application of the rule to our dram shop act.

Although the fireman's rule has been criticized by some authors and judges, *e.g.*,

Prosser, *Handbook Law of Torts*, § 61 at 395–98 (4th ed. 1971); 2 Harper & James, *The Law of Torts*, § 27.14 at 1501–05 (1956); Comment, 64 Minn.L.Rev. 878 (1980); Comment, 6 Pac.L.J. 660 (1975); *Berko v. Freda*, 93 N.J. 81, 91, 459 A.2d 663, 668 (1983) (Handler, J., dissenting); *Hannah v. Jensen*, 298 N.W.2d 52, 55 (Minn.1980) (Scott, J., dissenting); *Walters v. Sloan*, 20 Cal.3d 199, 207, 142 Cal.Rptr. 152, 157, 571 P.2d 609, 614 (1977) (Tobriner, J., dissenting), it is undeniably true, as defendant asserts, that almost all jurisdictions confronting this issue have adopted some form of the fireman's rule. Thus a majority of jurisdictions limit, in one way or another, the extent of a negligent actor's liability to policemen or firefighters who are injured while performing their official duties. See cases cited in Annot., 86 A.L.R.2d 1205 (1962); A.L.R.2d Later Case Service, pp. 419–21 (1979); and Dooley, *Modern Tort Law*, § 19.07 (1982 Supp. 1983). Indeed, the modern trend is not away from the rule but toward it as evidenced by the recent adoption of the fireman's rule in several jurisdictions. *E.g., Steelman v. Lind*, 97 Nev. 425, 634 P.2d 666 (1981); *Grable v. Varela*, 115 Ariz. 222, 564 P.2d 911 (1977); *Thompson v. Warehouse Corp. of America*, 337 So.2d 572 (La.App.1976); *Hass v. Chicago and Northwestern Ry. Co.*, 48 Wis.2d 321, 179 N.W.2d 885 (1970); *Giorgi v. Pacific Gas & Electric Co.*, 226 Cal.App.2d 355, 72 Cal. Rptr. 119 (1968); *Buren v. Midwest Industries, Inc.*, 380 S.W.2d 96 (Ky.App.1964); *Krauth v. Geller*, 31 N.J. 270, 157 A.2d 129 (1960). And courts have not been the least reluctant to extend this rule to policemen. *Berko v. Freda*, 93 N.J. 81, 459 A.2d 663 (1983); *Steelman v. Lind*, 97 Nev. 425, 634 P.2d 666 (1981); *Garcia v. City of So. Tucson*, 131 Ariz. 315, 640 P.2d 1117 (App. 1981); *Hannah v. Jensen*, 298 N.W.2d 52 (Minn.1980); *Whitten v. Miami-Dade Water & Sewer Authority*, 357 So.2d 430 (Fla. App.), *cert. denied*, 364 So.2d 894 (Fla. 1978); *Weaver v. O'Banion*, 359 So.2d 706 (La.App.), *cert. denied*, 360 So.2d 1349 (La. 1978); *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609 (1977); *Nared*

*v. School District of Omaha*, 191 Neb. 376, 215 N.W.2d 115 (1974); *Scheurer v. Trustees of Open Bible Church*, 175 Ohio St. 163, Ohio Op. 453, 192 N.E.2d 38 (1963).

The California Supreme Court recently responded to criticism of the rule:

> The rule was born almost a century ago, earning nearly unanimous acceptance. . . .
>
> In recent years, the rule has been repeatedly attacked as being "behind the times," based on outdated concepts of tort liability. However, the courts in this and other jurisdictions have answered the attacks, pointing out the rule is premised on sound public policy and is in accord with—if not compelled by—modern tort liability principles.

*Walters v. Sloan*, 20 Cal.3d 199, 202–03, 142 Cal.Rptr. 152, 154, 571 P.2d 609, 611 (1977) (citations omitted).

Historically, the rule arose in the context of the differing duties owed by a landowner or occupier to individuals coming on his land. Since a policeman or fireman was privileged to enter land pursuant to his public duties and could come on property any place or time, courts classified them as bare licensees and held the only duty owed these public servants was to not wantonly or willfully injure them. Some jurisdictions still rely on this rationale to limit liability to public safety officials. *See, e.g., Whitten v. Miami-Dade Water & Sewer Authority*, 357 So.2d 430, 432 (Fla.App. 1978) ("once upon premises, fireman or policeman has legal status of licensee and sole duty owed him by owner or occupant is to refrain from wanton negligence or willful misconduct and to warn him of any defect or condition known to owner or occupant to be dangerous, if such danger is not open to ordinary observation"); *Abney v. London Iron & Metal Co.*, 245 Ga. 759, 761, 267 S.E.2d 214, 216 (1980) (as a matter of law, policeman is not an invitee but licensee even though he enters property at owner's behest, and as a licensee, owner only has duty to refrain from wantonly or recklessly exposing officer to hidden perils); *Lave v. Neumann*, 211 Neb. 97, 99–

100, 317 N.W.2d 779, 781 (1982) ("A fireman or individual fighting a fire on premises of an owner or occupier is a bare licensee to whom the owner or occupant owes no greater duty than to refrain from injuring him by willful or wanton negligence or a designed injury, except in certain cases where there may be a duty to warn of hidden peril known to owner or occupant but unknown to or unobservable by the fireman in the exercise of ordinary care"). We have backed away from conclusively basing a land possessor's duty of care on the status of the injured party. *Rosenau v. City of Estherville*, 199 N.W.2d 125, 136 (Iowa 1972). Moreover, basing the fireman's rule on the status of the injured party would seem to unfairly limit the rule's application to the landowner/occupant context, thus denying liability for negligent acts of these individuals but not for others whose negligent acts injure police officers or firemen elsewhere.

Other courts rely on the assumption of risk doctrine to bar recovery for damages caused to policemen or firefighters from those risks that are inherent in their jobs. *E.g., Armstrong v. Mailand*, 284 N.W.2d 343, 352 (Minn.1979) (In a wrongful death action, fireman's primary assumption of risk can be invoked to relieve defendants other than landowners of their duties with respect to reasonably apparent risks that were part of firefighting); *Steelman v. Lind*, 97 Nev. 425, 427–28, 634 P.2d 666, 667 (1981) (Public safety officer, in accepting salary and fringe benefits assumes all normal risks inherent in employment as a matter of law and may not recover from one who negligently creates such a risk); *Lipson v. Superior Court*, 31 Cal.3d 362, 371, 182 Cal.Rptr. 629, 635, 644 P.2d 822, 828 (1982) (A fireman only assumes hazards which are known or can be reasonably anticipated at the site of the fire).

Still others rely on public policy considerations in limiting recovery for injuries incurred by public safety officers while performing in an official capacity. *See e.g., Berko v. Freda*, 93 N.J. 81, 459 A.2d 663, 666 (1983); *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609 (1977);

*Hass v. Chicago Northwestern Ry. Co.*, 48 Wis.2d 321, 179 N.W.2d 885 (1970). Regardless of the rationale invoked to support the rule, courts almost universally recognize that neither a fireman nor a policeman can recover when their complaint is based on the same conduct that initially created the need for the officer's presence in his official capacity. *See, e.g., Berko v. Freda*, 93 N.J. 81, 459 A.2d 663 (1983); *Steelman v. Lind*, 97 Nev. 425, 634 P.2d 666 (1981); *Garcia v. City of So. Tucson*, 131 Ariz. 315, 640 P.2d 1117 (App.1981); *Whitten v. Miami-Dade Water & Sewer Authority*, 357 So.2d 430 (1978); *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609 (1977); *Clark v. Corby*, 75 Wis.2d 292, 249 N.W.2d 567 (1977).

█ While we do not ascribe to all of the various policy reasons espoused in support of the fireman's rule, we do believe adoption of a limited rule is sound. In particular, we agree with the New Jersey Supreme Court that since government entities employ and train firefighters and policemen, at least in part, to deal with those hazards that may result from the actions or inaction of an uncircumspect citizenry, it offends public policy to say that a citizen invites private liability merely because he happens to create a need for those public services. *Berko*, 93 N.J. at 87–88, 459 A.2d at 667–68. Citizens should be encouraged and not in any way discouraged from relying on those public employees who have been specially trained and paid to deal with these hazards. Additionally, a citizen does not have the right to exclude public safety officers from emergency situations or to control their actions once they have been alerted to an emergency and arrive on the scene. Indeed, a citizen may have a legal duty to summon a public safety officer in some instances and to say he may, in the course of discharging that duty, risk tort liability to officers who are specially trained and hired to cope with these hazards, strikes us as inconsistent and unfair. Finally, although we are aware of the widespread existence of liability insurance, we believe these risks are more effectively and

fairly spread by passing them onto the public through the government entities that employ firefighters and police officers.

This is not to say that fireman or police officers are barred from recovery in all instances in which they are injured by negligent acts. The relevant inquiry is whether the negligently created risk which resulted in the fireman's or policeman's injury was the very reason for his presence on the scene in his professional capacity. If the answer is yes, then recovery is barred; if no, recovery may be had. An examination of a few of the cases applying this rule will help to illustrate its limitations in denying recovery to policemen or firefighters.

In *Steelman v. Lind*, 97 Nev. 425, 634 P.2d 666 (1981), a highway patrolman was called to help a motorist whose load of live bees had slid off his trailer onto the roadway. After the officer had taken precautions to warn approaching traffic, he returned to his patrol car. As the patrolman sat in the car, an oncoming tractor-trailer crashed into it, forcing the patrol car into the downed vehicle and severely injuring the patrolman. The officer sued both the trucker and the motorist. The motorist claimed the fireman's rule barred recovery, and the court agreed. The court noted suit was not barred against the trucker, *Steelman*, 97 Nev. at 426, 634 P.2d at 666–67 n. 1, but held as a matter of law that suit was barred against the motorist since the fireman's rule prohibited recovery against one whose negligence created the need for the officer's presence at the scene in his professional capacity. 97 Nev. at 427–28, 634 P.2d at 668. *See also Berko v. Freda*, 93 N.J. 81, 459 A.2d 663 (1983) (Although police officer who was injured while apprehending car thieves could sue the thief for negligently or intentionally injuring him, he could not recover from the car owner for those injuries since the owner's negligence in leaving his keys in the car and inviting theft was the same act that initially created occasion for the officer's engagement); *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609 (1977) (A police officer who was summoned to a disorderly party and who suffered personal injuries while attempting to arrest a drunken minor could not recover from the homeowner in furnishing alcohol to minors as this act was the same negligence that required the summoning of the police).

As these cases point out, although policemen are barred from recovery against the person whose negligence creates the need for their presence, they are not barred from recovery for negligent or intentional acts of misconduct by a third party. Nor would they be barred from recovery if the individual responsible for their presence engaged in subsequent acts of negligence or misconduct once the officer was on the scene. *Lipson v. Superior Court*, 31 Cal.3d 362, 182 Cal.Rptr. 629, 644 P.2d 822 (1982). In *Lipson*, firefighters responding to a boilover at a chemical plant were told by the owner that no toxic chemicals were in the building. The building did, in fact, contain toxic chemicals and a fireman was injured by his exposure to those substances. Since the owner's negligent or intentional misrepresentation was a subsequent act of misconduct that enhanced the risk in fighting the boilover and was distinct from the negligence that caused the boilover and occasioned the firefighter's presence, the fireman's rule did not operate to bar recovery. As stated by the court:

> The fireman's rule governs in California. Its parameters are narrow. The rule does not prohibit a firefighter from recovering damages where the act which results in his injury is independent from the act which created the emergency to which the fireman responded. A defendant is liable for failing to warn of a known, hidden danger on his premises or for misrepresenting the nature of the hazard, if such misconduct causes the fireman's injury.

*Id.;* 31 Cal.3d at 378, 182 Cal.Rptr. at 639–40, 644 P.2d at 832–33. *See also Garcia v. City of So. Tucson*, 131 Ariz. 315, 640 P.2d 1117 (App.1981) (Tucson policeman who responded to a call from the neighboring city

of South Tucson was not barred from recovering from that city since the act that necessitated his presence was the random shooting of a sniper while the negligence causing his injuries was the ordering of an assault by the South Tucson police without issuing a warning to the participating officers).

■ The question now becomes whether a rule barring recovery for negligent acts which create the occasion for an officer's engagement should be applied to a strict liability action brought under our dram shop act. Generally, courts have held that the fireman's rule is applicable to all causes of action, regardless of the particular nature of an action. *See, e.g., Armstrong v. Mailand,* 284 N.W.2d 343 (Minn.1979) (fireman's rule applies to negligence per se, strict products liability, or strict liability for an abnormally dangerous activity); *Hannah v. Jensen,* 298 N.W.2d 52 (Minn. 1980) (fireman's rule applies to strict liability action under Minn. Dram Shop Act); *Walters v. Sloan,* 20 Cal.3d 199, 200, 142 Cal.Rptr. 152, 156, 571 P.2d 609, 613 (1977) (fireman's rule applies even though negligent act violated statute and would ordinarily give rise to presumption of negligence); *Hubbard v. Boelt,* 28 Cal.3d 480, 485, 169 Cal.Rptr. 706, 709, 620 P.2d 156, 159 (1980) (fireman's rule bars recovery in action based on recklessness, if reckless or tortious conduct occasioned the presence of officer); *Lipson v. Superior Court,* 31 Cal.3d 362, 376, 182 Cal.Rptr. 629, 638, 644 P.2d 822, 832 (1982) (fireman's rule applies to strict liability action for ultrahazardous activity if that activity necessitated fireman's presence and caused his injuries).

Plaintiffs contend that section 123.92 provides a right of action against a dram shop operator for "every husband, wife, child, parent, guardian, employer, or other person" injured by the intoxicated customer. They insist that officers are "other persons" and should not be deprived of their right to recovery. They further claim that barring recovery to a policeman under the act will judicially amend the statute and interfere with its purpose of placing a hand of liquor restraint on licensees.

In part, we faced similar arguments in *Berge v. Harris,* 170 N.W.2d 621 (Iowa 1969) (a dram shop action under a predecessor's statute with similar language), where the liquor operator raised a defense of assumption of risk against the passenger of an intoxicated driver. There, we held that assumption of risk was a defense to a dram shop action even though the act imposes strict liability and was intended to place a hand of restraint on dram shop operators. *Id.* at 626–27. *See also Rippel v. J.H.M. of Waterloo, Inc.,* 328 N.W.2d 499 (Iowa 1983) (assumption of risk defense available under present dram shop act). Although we have not invoked assumption of the risk as the determining reason for adopting the fireman's rule, these cases illustrate that we have recognized an exception to the strict liability imposed by the dram shop act.

The Minnesota court, in applying the fireman's rule to their dram shop statute, construed a statute similar to ours that contained the same language "or other person," to not include police officers to be within the class of persons that the statute was designed to protect. *Hannah v. Jensen,* 298 N.W.2d 52, 54 (Minn.1980).

■ While we do not wish to hold that police officers would never be within the class of persons our statute was designed to protect, we do conclude officers are not protected when the violation of the dram shop statute is also the act that created need for the officers' presence. In those circumstances, the officers are functioning as part of the mechansim erected by the State to protect the public against the vagaries of an intoxicated person and, as such, are not within the purview of the statute. Additionally, the public policy concerns we noted earlier are just as valid in a dram shop action as they are in actions for ordinary negligence. On the other hand, if an officer was injured by an intoxicated patron when he was performing a law enforcement activity unrelated to a violation of the statute, the public policy concerns we voiced would not be offended by permit-

ting liability and he would be protected under the act.

 In conclusion, we hold that the dram shop operator was protected by the fireman's rule under the facts of this case as pled. The operator was entitled to judgment on the pleadings. Accordingly, we reverse and remand for entry of judgment consistent with this opinion.

REVERSED AND REMANDED.

All Justices concur except HARRIS, McCORMICK and LARSON, JJ., who dissent.

HARRIS, Justice (dissenting).

The majority makes two leaps. For the first time we adopt the so-called firemans' rule. And the rule is applied against a police officer in a dram shop case. I have reservations about the first leap and respectfully disagree with the second.

I. It seems to me that there is considerable force in the criticism (cited by the majority) of the rule. I have no disagreement with the obvious fact that fire fighters or police officers, in responding to a call for assistance, are no ordinary invitees. They volunteer for hazardous undertakings as a matter of career choice.

On the other hand, I think this obvious fact is already well accommodated as a part of fundamental tort law. I see no need for establishing a special rule of no liability in claims by fire fighters or police officers.

II. If a firemans' rule is to be adopted it should not apply here. The dram shop statutes provide a statutory right of recovery. We have said that "[d]ram shop statutes impose strict liability ...." *Williams v. Klemesrud*, 197 N.W.2d 614, 617, 64 A.L.R.3d 843, 846 Iowa (1972). The statute accords this right of recovery to "[e]very ... person who shall be injured in person or property ...." Iowa Code § 123.92 (1983).

I think it is inappropriate to create an exception to the statute by adopting a common law rule. I think the trial court cor-

rectly overruled the dram shop operator's motion for judgment on the pleadings.

I would affirm.

McCORMICK and LARSON, JJ., join this dissent.