Desiree LEFTO, individually and as parent and guardian of Nicole Lefto, a minor, Respondent,

v.

HOGGSBREATH ENTERPRISES, INC., petitioner, Appellant.

No. C3–97–261.

Supreme Court of Minnesota.

July 23, 1998.

Jerome B. Abrams, Lauris A. Heyerdahl, Abarms & Smith, P.A., Mark Condon, Johnson & Condon, Minneapolis, for Appellant.

Arthur Kosieradzki, Sieben, Grose, Von Holtum, McCoy & Carey Ltd., Logan N. Freeman III, Minneapolis, for Respondent.

## OPINION

PAGE, Justice.

Desiree Lefto commenced this action against Hoggsbreath Enterprises, Inc. ("Hoggsbreath") under the Minnesota Civil Damage Act (the "Act"),[1] on behalf of her

---

1. The Act, in relevant part, provides that:

   A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or to the minor's parent, guardian, or next friend as the court directs.
   Minn.Stat. § 340A.801, subd. 1 (1992).

daughter Nicole and herself, as a result of an August 28, 1993, motor vehicle accident that seriously injured Michael Lefto, her then fiancé and now husband. At the time of the accident, Desiree Lefto and Michael Lefto, while living together, were not married. After stipulating to the facts, which included an admission by Hoggsbreath that it had made an illegal sale of alcoholic beverages, the parties brought cross-motions for summary judgment. In responding to Desiree Lefto's summary judgment motion, Hoggsbreath argued that Desiree and Nicole Lefto were not within the class of people having a right of action under the Act. The district court, finding, among other things, that Desiree and Nicole Lefto were within the class of people who have a right of action under the Act, granted Desiree Lefto's summary judgment motion and denied Hoggsbreath's. The district court then, pursuant to Minn. R. Civ. App. P. 103.03(h), certified as important and doubtful the question of whether they fit within the class of people having a right of action under the Act. The court of appeals, agreeing with the district court, affirmed. We conclude that Desiree and Nicole Lefto are within the class of people having a right of action under the Act.

The stipulated facts indicate that Desiree Lefto and Michael Lefto were engaged to be married on August 28, 1993. That day, Michael Lefto was a passenger in a car involved in a rollover motor vehicle accident. Hoggsbreath illegally sold liquor to the driver of the vehicle as well as to Michael Lefto, and those illegal sales were a contributing cause to the accident and to Michael Lefto's injuries, which were severe and included a closed head injury with secondary cognitive impairment.

At the time of the accident, Desiree and Michael Lefto, though unmarried, had been living together for 5 years. Nicole Lefto, Desiree Lefto's daughter, also lived with them. For at least 2 years before the accident, Desiree Lefto and Michael Lefto had been pooling their incomes and shared joint checking and Visa accounts. In addition, they owned furniture together and, although the title to their house was in Michael Lefto's

name, they shared household costs and expenses. Finally, they jointly owned recreational property in Jenkins, Minnesota. Desiree Lefto and Michael Lefto eventually married, as planned, and Michael Lefto adopted Nicole.

After the accident, the house the Leftos lived in and Michael Lefto's truck had to be sold due to the loss of Michael Lefto's income. They also had to sell their jointly owned recreational property and furniture. Further, Desiree and Nicole Lefto have incurred expenses on behalf of Michael Lefto; have received less support from Michael Lefto; and have not received the aid, advice, comfort, and protection that they would have received but for the accident. Finally, Desiree and Nicole Lefto's standard of living has been reduced because of the accident.

When the district court grants a summary judgment based on its application of statutory language to the undisputed facts of a case, as the district court did here, its conclusion is one of law and our review is *de novo*.[2]

Hoggsbreath contends that the term "other person," as found in the Act, is ambiguous and its interpretation requires resort to our rules of statutory construction. Specifically, Hoggsbreath argues that the principle of *ejusdem generis* controls the outcome of this case. *Ejusdem generis,* as codified in Minn. Stat. § 645.08, subd. 3 (1996), requires that "[g]eneral words are construed to be restricted in their meaning by preceding particular words." Thus, Hoggsbreath argues because the categories of people preceding "other person" in the Act—spouse, child, parent, guardian, employee—all have a legal relationship with the "intoxicated person," only people with a legal relationship with the intoxicated person are entitled to recover as an other person. Hoggsbreath contends that Desiree and Nicole Lefto did not have such a legal relationship and therefore do not have a right of action under the Act. Hoggsbreath also argues that to allow Desiree and Nicole Lefto to sue under the Act would offend public policy because Minnesota does not recognize common law marriage and, at the time

**2.** *See Wallin v. Letourneau,* 534 N.W.2d 712, 715    (1995).

of his injuries, Michael Lefto and Desiree Lefto were not married.

Although we have previously construed the Act's term "other person," we have not addressed the specific question presented here.[3] In construing "other person" in those cases, we did not apply the principle of *ejusdem generis* even though we had ample opportunity to do so.

■ We have said that the Act is both remedial and penal.[4] In *Herrly v. Muzik*, we said, "when [the Act's] provisions have been clear as to intent and purpose, we have liberally construed the act 'so as to suppress the mischief and advance the remedy.'"[5] At the same time, we noted that liberal construction is not without limitations and that the Act "'is to be strictly construed in the sense that it cannot be enlarged beyond its definite scope.'"[6] The intent and purpose of the Act's provisions are clear. The mischief to be suppressed is the illegal furnishing of liquor causing a person's intoxication and the remedy to be advanced is the protection of innocent third persons injured as a result by providing those persons a claim of civil damage.[7] We reinforced the remedy to be advanced by identifying the Act's definite scope in *Herrly* where we said, "Our repeated view [is] that the [Act] was intended solely to protect 'innocent third persons' injured as a result of another's intoxication * * *."[8] The dissent would have the court either ignore or overrule this line of cases. Therefore, consistent with our previous construction of the term "other person," we conclude that the term "other person" refers to *any* other person injured by the intoxication of another and who played no role in causing the intoxication.[9]

Moreover, we note that it makes no sense to apply the rule of *ejusdem generis* to only one category of injury—means of support—and not the others, personal injury, property or pecuniary losses. Clearly, any innocent third person injured in person or property need not have a legal relationship with the intoxicated person in order to have a cause of action under the Act.[10] So why should an innocent third person who is injured in means of support?

■ On this record, Desiree Lefto, the fiancée of Michael Lefto at the time of his injuries, and Nicole Lefto, her daughter, are clearly "other" innocent third persons that played no role in causing the intoxication that contributed to the cause of the rollover accident and to Michael Lefto's injuries. Further, unlike the situation in *Hannah v. Jensen*,[11] and *Empire Fire & Marine Ins. Co. v.*

3. See *Hannah v. Jensen*, 298 N.W.2d 52, 54–55 (Minn.1980) (on-duty police officer does not qualify as "other person" due to application of Fireman's rule); *Turk v. Long Branch Saloon, Inc.*, 280 Minn. 438, 159 N.W.2d 903, 905–06 (1968) (injured party who purchased alcohol for the tortfeasor minor is not "other person" under the Act); *Empire Fire & Marine Ins. Co. v. Williams*, 265 Minn. 333, 337, 121 N.W.2d 580, 583 (1963) (tortfeasor's insurance company does not qualify as "other person" due to application of subrogation principle); *Randall v. Village of Excelsior*, 258 Minn. 81, 83–84, 103 N.W.2d 131, 133 (1960) (voluntarily intoxicated minor is not "other person" under the Act).

4. *Herrly v. Muzik*, 374 N.W.2d 275, 278 (Minn. 1985).

5. *Id.*

6. *Id.* (quoting *Beck v. Groe*, 245 Minn. 28, 34, 70 N.W.2d 886, 891 (1955)).

7. See *Ross v. Ross*, 294 Minn. 115, 121–22, 200 N.W.2d 149, 153 (1972).

8. *Herrly*, 374 N.W.2d at 278.

9. The dissent lists a parade of horribles, which it contends would flow from our decision. We do not believe the legislature intended to include every conceivable remote injury. In order to recover under the Act, a party seeking recovery must establish that they are "injured * * * by an intoxicated person or by the intoxication of another person * * *." While the statute has no counterpart in the common law, presumably, in order to recover, the party seeking recovery will have to establish that his or her injury was reasonably foreseeable and proximately caused by the intoxicated person.

10. See *McGuire v. C & L Restaurant Inc.*, 346 N.W.2d 605 (Minn.1984) (motorcyclist injured by drunk driver brought suit under the Civil Damage Act); *Englund v. MN CA Partners/MN Joint Ventures, d/b/a Radisson Hotel South*, 555 N.W.2d 328 (Minn.App.1996), *aff'd* 565 N.W.2d 433 (Minn.1997) (motorcyclist injured by drunk driver brought suit under Civil Damage Act).

11. 298 N.W.2d at 54–55.

*Williams,*[12] they are not otherwise barred by law from asserting a claim of civil damage. Therefore, they are entitled to exercise their right of action under the Act.

Affirmed.

STRINGER, Justice (dissenting).

The Civil Damages Act, commonly referred to as the Dramshop law, was adopted by the legislature in 1911, and to characterize it charitably, it is not a model of clarity. Its frequent review by this court provides no more compelling proof of its obscurity, frequently raising issues as to whether a putative claimant fits within the generic category of "other person." *See, e.g., Hannah v. Jensen,* 298 N.W.2d 52 (Minn.1980) (policeman is not "other person"); *Empire Fire & Marine Ins. Co. v. Williams,* 265 Minn. 333, 336, 121 N.W.2d 580, 582–83 (1963) (tortfeasors' insurance company is not "other person"); *Randall v. Village of Excelsior,* 258 Minn. 81, 83, 103 N.W.2d 131, 133 (1960) (voluntarily intoxicated minor is not "other person"). That it is ambiguous as to who was intended to be entitled to bring suit under the statute would seem to be beyond dispute—yet the majority finds no ambiguity and applies it in a manner I believe clearly violates legislative intent. Therefore I respectfully dissent.

Efforts to determine what the legislature intended are rewarded by looking to what the statute says, and equally importantly, what it does not say. It says:

A spouse, child, parent, guardian, employer, or *other person* injured in person, property, or means of support, or who incurs other pecuniary loss * * * has a right of action * * *.

Minn.Stat. § 340A.801, subd. 1 (1992) (emphasis added). It does not say "any other person" as the majority holds, and to add the word "any" dramatically expands the scope

of those intended by the legislature to have a claim for injury under the statute.

Inclusion of spouse, child, parent, guardian, or employer[1] leaves no doubt as to who is to have a cause of action under the act, but who is included in "other person" is not clear. We are assisted by legislative cannons of construction which provide: "General words are construed to be restricted in their meaning by preceding particular words." Minn. Stat. § 645.08, subd. 3 (1996). This cannon is commonly referred to as the rule of *ejusdem generis.* In the Civil Damages Act the preceding particular words have a common feature—a legal relationship involving a level of dependence such that as a result of the illegal sale, a legal responsibility of the injured party to the claimant is impaired.

Applying this rule of construction to the category of "other persons," we are lead to the conclusion that for someone other than a spouse, child, parent, guardian or employer to be entitled to make a claim under the Civil Damages Act, there must be proof that the illegal sale interfered with or prevented one having a legal obligation to the plaintiff from fulfilling that obligation. It can mean nothing else, unless the statute is to be chopped into separate parts, without any sense of the breadth of its intended protection. The element of dependence in the Act was recognized in *Beck v. Groe,* 245 Minn. 28, 70 N.W.2d 886 (1955), where we considered whether a trustee bringing an action under the Wrongful Death Act, Minn.Stat. § 573.02 (1953), could at the same time, bring an action under the Civil Damages Act, Minn. Stat. § 340.95 (1953). We noted that while the statutes were remedial in nature, they provided separate rights and neither had a common law heritage. *Beck,* 245 Minn. at 33–34, 70 N.W.2d at 891–92. In citing a variety of distinctions between the two statutes, we noted that as to the Wrongful Death Act "[t]he element of *dependency* is not in-

---

12. 265 Minn. at 337, 121 N.W.2d at 583.

1. The reference to "employer" would seem to be on a slightly different footing than "spouse, child, parent, [or] guardian" because employment is traditionally "at will" but until the "at will" right to terminate the employment is exercised by either the employer or employee, their relationship *is* based on a contract—basically, the employee's

agreement to work in exchange for the employer's agreement to pay wages or salary. An employer could suffer pecuniary loss if a valued employee—perhaps a creative inventor—were incapacitated and unable to work as a result of injury from an illegal sale of alcoholic beverages, and the statute recognizes this loss as compensable.

volved in this statute; the element of pecuniary loss is." *Beck,* 245 Minn. at 34, 70 N.W.2d at 892. (Emphasis added.) The requirement of dependency aligns our Civil Damages Act with other states where courts have construed similarly worded civil damages statutes to limit "other persons" to those having a legal relationship of dependence with the injury party. *See, e.g., Langle v. Kurkul,* 146 Vt. 513, 510 A.2d 1301, 1303 (1986) (applying the rule of *ejusdem generis* to conclude that within the meaning of Vt. Stat. Ann. tit. 7, § 501 (providing a cause of action for a "husband, wife, child, guardian, employer or other person"), the "other person" must have "some special relation to the intoxicated person").

Therefore, I would conclude that the plaintiff here is not one entitled to bring suit under the statute because she has no relationship of dependency with the party injured by the illegal sale. Certainly she and Michael Lefto had combined some assets and had a hope to legalize their relationship through their marriage on the day of the accident, but when the accident tragically occurred, there was no legal relationship. It was only a hope or expectation.

The majority's holding otherwise raises a number of concerns. First, by rejecting an *ejusdem generis* analysis, the majority in effect converts the wording of the statute from "other person" to *every person,* because there are no limits to who can recover under the statute so long as damages can be proven. The majority's analysis would permit recovery, for example, to a retail sales establishment that could prove that the injured party was a good customer and his loss of income due to his injury occurring because of an illegal sale of alcoholic beverages prevented him from making his customary purchases at the retail store; or a homeowner who had contracted for home improvement services from a contractor would have a claim based on an illegal sale of liquor to his contractor if the contractor was prevented from completing the job because of injuries sustained by the contractor as the result of an illegal sale.

The examples are limited only by our imagination. But they are real under the majority's holding. If the legislature had intended the statute to apply to *every* person—or "any other person" as the majority holds—it would have so written the statute. Other states have done so,[2] but Minnesota has not, and it is not the purview of this court to take such a step on its own.

Finally, as there is no counterpart in the common law to the Civil damages action—at common law purveyors of liquor had no duty to those injured by a sale to a minor or obviously intoxicated person, *Herrly v. Muzik,* 374 N.W.2d 275, 276–77 (Minn.1985)—rules of statutory construction require a narrow, cautious approach to applying a law that is purely a creature of the legislature. This is particularly so when it is penal in nature. *Id.* at 278. In the majority's haste to provide a cause of action, this principal, too, is sacrificed.

TOMLJANOVICH, Justice (dissenting).

I join in the dissent of Justice STRINGER.

---

2. *See, e.g.,* Utah Code Ann. § 32A–14–101 (1997) (providing "any third person" injured in specified ways has a cause of action); N.Y. Gen. Oblig. § 11–101 (1997) (providing "any person" injured in specified ways has a cause of action); Ala.Code § 6–5–71 (1997) (providing "[e]very wife, child, parent, or other person" injured in specified ways has a cause of action).