■ LEO SULLIVAN, Respondent, v. PETER GANIOS et al., Appellants.— Order entered May 21, 1968, granting summary judgment to the plaintiff is unanimously reversed on the law, without costs or disbursements, and the motion is denied. The plaintiff, however, in the exercise of discretion and in the interest of justice, shall be granted a preference upon the filing of a proper note of issue and the payment of the necessary fees. While the plaintiff makes out a very strong case toward the granting of summary judgment, there are yet triable issues of fact. It is not quite clear from the facts that the backing up of the car into the plaintiff was the result of negligence on the part of the defendant. However, in the exercise of discretion, and in the interest of justice, we grant the plaintiff a preference upon compliance with the above stated requirements. Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.

■ In the Matter of A. & C. ENTERPRISES, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the State Liquor Authority suspending petitioner's restaurant liquor license for a period of 10 days, unanimously annulled, on the law, without costs or disbursements and the charges dismissed. In our view there was no substantive evidence to sustain the determination that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law (suffering or permitting licensed premises to become disorderly). The evidence seeking to tie the licensee with the single alleged act of solicitation totally fails to establish knowledge by the licensee or even to show circumstances such that the licensee should have known of the alleged occurrence (*Matter of Cat & Fiddle* v. *State Liq. Auth.*, 24 A D 2d 753). Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.

■ LUCILLE P. GRECO, Also Known as NILA GRECO, Respondent, v. CONSTANZO GRECO, Also Known as JOSE GRECO, Appellant.— Order, entered September 6, 1967, unanimously modified on the law, the facts and in the exercise of discretion, so as to limit the modification to January 25, 1967, the date of the first Referee's report; without costs and without disbursements. In the circumstances we believe it was an improvident exercise of discretion to make the order retroactive to any date earlier than January 25, 1967. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD A. YOUNG, Appellant.— Judgment unanimously affirmed. While we find in this record certain errors, we are satisfied that they are of such a nature that they may be disregarded under section 542 of the Code of Criminal Procedure, since the evidence clearly establishes the guilt of the defendant. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Rabin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY FITZGERALD, Appellant.— Order entered May 15, 1967 unanimously affirmed. (See *People* v. *Marchese*, 19 A D 2d 728, affd. 14 N Y 2d 695; cert. den. 381 U. S. 910; *People* v. *Walker*, 17 N Y 2d 433. Concur — Stevens, J. P., Eager, Tilzer, McGivern and Rabin, JJ.