OPINION OF THE COURT
George L. Cobb, J.
This is a CPLR article 78 proceeding in the nature of prohibition wherein the petitioner seeks to prohibit the respondents from continuing the summary suspension proceedings instituted against him pursuant to the applicable rule of the respondent Board of Regents (8 NYCRR 17.11).
The petitioner is licensed to practice dentistry in this State and on or about July 3, 1978, he was notified that on July 19, 1978 a hearing would be had on an application for a summary suspension of his license upon the ground that he had been convicted of a crime in that he had subjected a certain female dental patient to certain sexual contact while she was physically helpless. The last cited rule says that, after a member of the Board of Regents has heard oral argument upon such an application and considered any affidavits and other documentary evidence which have been submitted to him, such member shall submit a written report to the Board of Regents, which board may summarily suspend the professional’s license to practice upon a finding that the public health, safety or welfare requires emergency action. The subject rule, then, *765 provides for a hearing which is similar to that which the Commissioner of Education provides upon appeals to him pursuant to section 310 of the Education Law (see 8 NYCRR 276.2) except that upon the former kind of hearing the professional may orally argue his case as of right rather than as a matter of grace.
Petitioner’s claim that the procedure prescribed by the subject rule violates the constitutional rights of professionals may be disposed of quickly. No successful challenge to similar procedures upon section 310 appeals to the said commissioner has yet been mounted (see Matter of O'Brien v Commissioner of Educ. of State of N. Y., 3 AD2d 321, 324, app dsmd 4 NY2d 140, cert den sub nom. Murphy v Commissioner of Educ. of State of N. Y., 361 US 117). Furthermore, while the petitioner’s right to practice dentistry in this State may not be arbitrarily taken from him, he holds a mere license which is revocable by the power that issued it and that license is subject not only to the restrictions in effect upon its issuance, but also to the State’s power to thereafter reasonably supervise and regulate the manner in which he thereafter exercises his said rights (People ex rel. Lodes v Department of Health of City of N. Y., 189 NY 187; Matter of Dr. Bloom Dentist, Inc. v Cruise, 259 NY 358). In a climate less sensitive to individual constitutional rights than at present, it was held that when the public interest required prompt action, a "mere” license could be summarily terminated by administrative action without notice and without a hearing (People ex rel. Lodes v Department of Health, supra; cf. Matter of Rosetti v O'Connell, 10 Misc 2d 453). The subject rule guarantees both of these procedural protections to professionals before their respective licenses are summarily suspended and since only temporary suspension of professional licenses is involved, the Constitution does not mandate that, in anticipation of temporary suspension, they must be afforded all of the procedural protections which are required upon proceedings which may permanently terminate their professional privileges (Matter of Jerry v Board of Educ., 35 NY2d 534, 541; Charow v Whalen, Supreme Ct, Westchester County, June 5, 1978, Rubin, J.).
The petitioner points out that, if the Legislature fails to enact particular legislation, the respondent Board of Regents may not fill the ’void by issuing a rule pursuant to section 207 of the Education Law (Moore v Board of Regents of Univ. of State of N. Y., 44 NY2d 593, 602), but subdivision 3 of section *766 401 of the State Administrative Procedure Act says that, if said respondent finds that the public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered, effective on the date specified in such order, pending proceedings for revocation or other action, which proceedings shall be promptly instituted and determined. That statute is specific legislative authority for a summary kind of suspension described in the said rule and it does not cease to be such authority because when the said rule was promulgated on February 27, 1978, that statute was not cited as its statutory authority.
The petitioner also argues that the professional misconduct proceedings described in section 6510 of the Education Law are exclusive and that, insofar as the procedures authorized by the said rule 17.11 (8 NYCRR 17.11) depart from the procedures specified in that statute, it is invalid. However, no statute says that and since said section 6510 and subdivision 3 of section 401 of the State Administrative Procedure Act are wholly compatible, they should be given effect as statutes in pari materia (McKinney’s Cons Laws of NY, Book 1, Statutes, § 221).
Lastly, the petitioner emphasizes that no proceedings pursuant to section 6510 of the Education Law have yet been instituted. Although subdivision 3 of section 401 of the State Administrative Procedure Act does say that "[tjhese proceedings (i.e., 'proceedings for revocation or other action’) shall be promptly instituted and determined”, no specific language in the applicable statutes or rule mandates that section 6510 proceedings be instituted prior to or simultaneously with the commencement and the conducting of rule 17.11 proceedings. Accordingly, the court finds no basis for granting any relief to petitioner and the petition will be dismissed.