(January 12, 1989)

■ In the Matter of LILPIN TAVERN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—In this CPLR article 78 proceeding transferred to this court by order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered February 24, 1988, the petition is granted to the extent of annulling that part of the determination of respondent State Liquor Authority which found petitioner guilty of violating section 106 (6) of the Alcoholic Beverage Control Law, and the determination is otherwise confirmed, except that the penalty imposed by respondent, license cancellation and a $1,000 bond forfeiture, is unanimously annulled and the matter remanded to respondent for the imposition of an appropriate penalty upon the charge as to which the finding of guilt has been confirmed (violation of Alcoholic Beverage Control Law § 106 [3]), without costs.

The question for this court in reviewing the subject administrative determination reached after a hearing, is whether there is substantial evidence to support respondent's determination that petitioner suffered or permitted the licensed premises to become disorderly by suffering or permitting females on the licensed premises to solicit male patrons for immoral purposes in violation of subdivision (6) of section 106 of the Alcoholic Beverage Control Law. (CPLR 7803 [4].)

Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact". *(300 Gramatan Ave. Assocs. v State Div. of*

*Human Rights,* 45 NY2d 176, 180.) But, "A mere scintilla of evidence sufficient to justify a suspicion is not sufficient to support a finding upon which legal rights and obligations are based." *(Matter of Stork Rest. v Boland,* 282 NY 256, 273-274.)

The relevant facts are set forth in the summary and statement of findings of Administrative Law Judge Andrew Lee Aubry who presided at the hearing in this matter. Petitioner operates the Concord Cafe, a bar located on the east side of Manhattan. On the night of May 1, 1985, undercover Police Officers James Dianora and Brian Murphy from the Public Morals Squad of the Organized Task Force entered the licensed premises and seated themselves at the far end of the 41-foot bar.

While at the bar, the officers ordered alcoholic beverages and conversed with a patron named Maria Gonzalez. Both officers testified that nothing of a sexual nature was discussed. The officers and Gonzalez continued to buy and consume drinks, including two bottles of champagne, under the pretext that they were celebrating Murphy's birthday. They were soon joined by one Andrea Wilson. After conversing for some time, Gonzalez and Wilson agreed to go with Dianora and Murphy "to have a good time." Before they left, Dianora purchased a third bottle of champagne to take with him and received it from the bartender in a brown paper bag. It was not until they were leaving that the subject and price of sexual activity were first discussed.

The record contains certain hearsay evidence of highly ambiguous significance. We agree with Administrative Law Judge Aubry that this evidence was not substantial and was not adequate to support a finding that the licensee was aware of solicitation on the premises.

What the record does establish solidly is that during the two hours the officers and their company drank and conversed the subject of sexual activity did not arise. Indeed, it was not until they were leaving the premises that it was first discussed. We agree with the express finding of Administrative Law Judge Aubry that there was no substantial evidence that the bartender or the manager were aware of this discussion. Certainly, it cannot be said the licensee, Marsha DeRespinis, herself suffered or permitted her premises to become disorderly since, as Judge Aubry found, she was not on premises on the evening in question. As respondent failed to prove that the licensee or her employees was aware of the single proven instance of solicitation, that part of the determination under review finding petitioner guilty of suffering the premises to

become disorderly in violation of Alcoholic Beverage Control Law § 106 (6) must be annulled. *(See, Matter of Cat & Fiddle v State Liq. Auth.,* 24 AD2d 753; *Matter of Baldwin Bar & Grill v State Liq. Auth.,* 31 AD2d 618; *Matter of A. & C. Enters. v State Liq. Auth.,* 31 AD2d 527.)

We agree with respondent that there was substantial evidence to support the determination that petitioner sold liquor for off-premises consumption in violation of Alcoholic Beverage Control Law § 106 (3), and remand the matter to the respondent Authority for the imposition of an appropriate penalty. Concur—Murphy, P. J., Kupferman, Ross, Ellerin and Wallach, JJ.