■ In the Matter of Red Parrot Cabaret, Inc., Appellant, v State Liquor Authority, Respondent.—Determination of the respondent New York State Liquor Authority (SLA), dated December 8, 1989, which suspended the petitioner's liquor license for 60 days, 30 days deferred and 30 days forthwith, and imposing a $1,000 bond forfeiture, is unanimously confirmed, the petition denied and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Beverly Cohen, J.], entered on or about March 8, 1990) is dismissed, without costs and disbursements.

The petitioner was found in violation of Alcoholic Beverage Control Law § 65 (1) and § 106 (6), for serving minors, and for permitting the licensed premise to become disorderly. One of the regular employees, in substitution for the corporation, pled guilty in the Criminal Court of the City of New York to violating Alcoholic Beverage Control Law § 106 (6). The charge was subsequently modified to a violation of Penal Law § 240.20 with a fine of $250.

A hearing was held at which various witnesses testified that they were not checked for proof of age and subsequently served drinks. The petitioner offered no evidence to controvert these statements. Witnesses also appeared who were injured in the shootings that occurred in the Cabaret. All testified that they were checked for weapons. The owner manager of the Cabaret testified he did not know how the guns were able to pass through the security device without being detected, unless the device was not working. Security employees of the Cabaret testified that they checked for proof and weapons. The Cabaret had a history of similar occurrences on the premise.

The ALJ determined that the petitioner was guilty of the charges for violating Alcoholic Beverage Control Law § 65 (1) on March 13, 1988 and April 30, 1988, and for violating Alcoholic Beverage Control Law § 106 (6) on April 30, 1988. The petitioner has appealed claiming there was not substantial evidence to support the charges. We do not agree. Sub-

stantial evidence is defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Hearsay evidence of a minor as to the purchase of alcoholic beverages is substantial evidence unless the statement is adequately controverted by the petitioner. *(Matter of Karam v New York State Liq. Auth.,* 163 AD2d 869.) Suffering and permitting a licensed premise to become disorderly implies knowledge that could or should be obtained through reasonable diligence by an employer where the owner is present and aware of an employee's action. *(Matter of Missouri Realty Corp. v New York State Liq. Auth.,* 22 NY2d 233.) Here the manager was present on both dates the shootings occurred. Although security precautions were taken, a higher degree of care is required to protect the patrons where the probability of such an occurrence is obvious.

The fact that the employee of the petitioner received a slight modification of the criminal charge by which she substituted herself for the corporation does not affect the determination of the SLA. Concur—Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.