■ In the Matter of ECLIPSE DISCO, INC., Doing Business as PALED'S, Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Determination of the respondent New York State Liquor Authority dated December 7, 1990, which suspended petitioner's liquor license for fifteen days and a $1,000 bond forfeiture, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Martin Evans, J.], entered February 8, 1991), is dismissed, without costs and without disbursements.

Upon a review of the record, we find substantial evidence supporting respondent's determination that petitioner violated section 65 of the Alcoholic Beverage Control Law in that it sold or permitted to be sold an alcoholic beverage to a person under the age of twenty-one years. Ms. Saturno's credited hearing testimony established that she, at seventeen-years of age, visited petitioner's drinking establishment, ordered, and was served, a Sloe Gin Fizz from the waitress. This testimony, exclusive of the contested laboratory evidence, constituted credible evidence sufficient to sustain the charge *(see generally, Matter of Red Parrot Cabaret v State Liq. Auth.,* 174 AD2d 315). Moreover, the laboratory tests, as to which there is some question as to the chain of custody, do not contradict Ms. Saturno's testimony. The laboratory report indicated that the samples taken from Ms. Saturno's drink and that of her companion both contained in excess of 11% ethyl alcohol, which finding, is consistent with Ms. Saturno's testimony.

We do not find the penalty imposed to be so disproportionate to the offense as to be shocking to one's sense of fairness. *(Matter of Pell v Board of Educ.,* 34 NY2d 222.) Concur— Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.