■ In the Matter of AUGUST VAZAC RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [613 NYS2d 388] —Determination of respondent New York State Liquor Authority, dated January 8, 1993, which suspended petitioner's liquor license for 15 days, is unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Walter Schackman, J.] entered April 21, 1993) is dismissed, without costs and disbursements.

Substantial evidence that petitioner sold an alcoholic beverage to a person under 21 years old in violation of Alcoholic Beverage Control Law § 65 (1) was provided by the testimony of the police officer who issued petitioner the summons. He personally observed petitioner's bartender sell a beer to an underage undercover partner and the testimony of the underage police officer, properly allowed in rebuttal to the bartender's testimony that on the evening in question he had not sold a beer to anyone prior to being given the summons (9 NYCRR 54.4), was that he ordered and was given a beer without being asked for proof of age *(cf., Matter of Irelands Own v New York State Liq. Auth.,* 165 AD2d 782). We do not view the 15 day suspension to be so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Eclipse Disco v New York State Liq. Auth.,* 176 AD2d 649), and note in this regard that the bar was not crowded on the evening in question and that petitioner apparently had no procedures in place to screen underage customers *(cf., Matter of Levittown Events v Duffy,* 135 AD2d 539, *lv denied* 71 NY2d 805). Concur —Sullivan, J. P., Carro, Wallach, Rubin and Williams, JJ.