■ In the Matter of E.G. PUB, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [623 NYS2d 222] —Determination of the respondent New York State Liquor Authority, dated July 14, 1993, which suspended the petitioner's liquor license for 10 days, is unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Lehner, J.], entered October 6, 1993) is dismissed, without costs.

An investigator for the respondent testified that he observed an employee of petitioner serve alcoholic beverages to patrons who then proceeded outdoors, off the grounds of the premises, to consume these drinks. Accordingly, there was substantial evidence which demonstrated that petitioner-pub sold liquor for off-premises consumption in violation of Alcoholic Beverage Control Law § 106 (3) *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Lilpin Tavern v New York State Liq. Auth.,* 146 AD2d 484, 486, *lv denied* 74 NY2d 607).

Further, the penalty imposed herein was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of August Vazac Rest. v New York State Liq. Auth.,* 205 AD2d 391; *Matter of Eclipse Disco v New York State Liq. Auth.,* 176 AD2d 649). Concur—Rosenberger, J. P., Kupferman, Asch, Rubin and Tom, JJ.