■ In the Matter of 150 RFT VARICK CORP., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [986 NYS2d 102]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 30, 2013, which denied the petition to vacate a penalty of a $10,000 fine and 10-day suspension of petitioner's liquor license, imposed by respondent pursuant to its determination, dated July 3, 2013, sustaining charges that petitioner had violated certain provisions of the Alcoholic Beverage Control Law and the Rules of the State Liquor Authority, unanimously affirmed, without costs.

The penalty imposed does not shock one's sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). We reject petitioner's argument that, in light of a prior summary suspension order issued pursuant to State Administrative Procedure Act § 401 (3) and in effect during the 13-day period between June 26 and July 9, 2012, the subject penalty of a 10-day suspension constitutes double jeopardy. The summary suspension order was not an adjudication of wrongdoing, but rather, an interim "emergency action" undertaken to protect the "public health, safety, or welfare" (State Administrative Procedure Act § 401 [3]). Thus, a summary suspension order does "not constitute a final judgment" and lacks preclusive effect vis-à-vis subsequent licensee disciplinary proceedings (*see e.g. Matter of Couples at V.I.P. v New York State Liq. Auth.*, 272 AD2d 615, 616 [2d Dept 2000]). The summary suspension provisions of section 401 (3) thus supplement, and do not conflict with, the agency's plenary licensee disciplinary framework (*see Matter of Netupsky v New York State Bd. of Regents*, 95 Misc 2d 763, 765-766 [Sup Ct, Albany County 1978]).

Accordingly, in assessing the propriety of the agency penalty, we are not required to consider the effect of the prior emergency suspension, although we acknowledge our discretion to consider the impact upon a licensee of prior penalties for the same misconduct (*see Matter of Miracle Pub v New York State Liq. Auth.*, 210 AD2d 229, 230 [2d Dept 1994], *lv denied* 86 NY2d 706 [1995]). Even if we were to exercise such discretion in this case to consider the impact of the prior emergency suspension, the resulting cumulative 23-day period of suspension would still not be disproportionate to the sustained charges of extensive misconduct (*see e.g. Matter of E.G. Pub v New York State Liq. Auth.*, 213 AD2d 156 [1st Dept 1995]; *Crismechy Rest. & Tavern v New York State Liq. Auth.*, 158 AD2d 295 [1st Dept 1990]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Andrias, Saxe and Clark, JJ.