BENNETT COMMISSION COMPANY AND ANOTHER v.
NORTHERN PACIFIC RAILWAY COMPANY.[1]

June 21, 1935.

No. 30,185.

*D. F. Lyons, Conrad Olson,* and *M. L. Countryman, Jr.,* for appellant.

*Francis C. Schroeder* and *Peter F. Schroeder,* for respondents.

DEVANEY, CHIEF JUSTICE.

This is an action to recover $4.75 alleged to be the amount of an overcharge made by defendant railroad for a certain shipment of plaintiffs' livestock from Wadena, Minnesota, to St. Paul, Minnesota. September 8, 1931, plaintiffs tendered to defendant railroad at Wadena, Minnesota, a consignment of livestock consisting of four cattle, each weighing in excess of 400 pounds, 17 calves, 40 hogs, and 15 sheep. Defendant railroad accepted the consignment and transported it as a mixed carload livestock shipment to St. Paul, Minnesota. Defendant railroad used a 36-foot, single-deck car, as ordered by plaintiffs. Freight charges were assessed and collected at the rate of 24½ cents per 100 pounds applied to a minimum carload weight of 19,000 pounds. Plaintiffs paid this

[1]Reported in 261 N. W. 593.

rate and now seek to recover a sum representing the difference between this 24½ cents rate as applied to 19,000 pounds minimum and 22 cents as applied thereto. The court held that 22 cents was the applicable rate, that 24½ cents was an excessive charge, and hence that plaintiffs were entitled to prevail. Defendant railroad appeals from the adverse judgment entered pursuant to the court's order.

The sole question concerns the proper method of computing railroad freight charges on a mixed carload shipment of livestock within the state of Minnesota under 1 Mason Minn. St. 1927, § 4872, as amended by L. 1931, c. 215, 3 Mason Minn. St. 1934 Supp. § 4872, where such mixed carload shipment contains one or more head of cattle weighing each in excess of 400 pounds. 1 Mason Minn. St. 1927, § 4872, provides:

"Every such company shall furnish at proper points designated by it, suitable cars for the transportation of livestock of all kinds, and shall transport the same at a rate not to exceed the highest rate and minimum weight charged by such company for any kind of stock in such car, except that the cattle rate and minimum weight will apply when by the use of same a lower charge results, and the cattle rate will apply when the actual weight exceeds the cattle minimum. Stock of different kinds shall be carried in the same car, at the option of the shipper, and the railroad and warehouse commission is hereby authorized to provide for the partitioning of cars on such terms and conditions as it deems proper. Any such company failing to comply with any provision of this section shall forfeit to the party aggrieved not less than $100, nor more than $500."

This law was amended by L. 1931, c. 215. This amendment did not change the existing law (§ 4872 above quoted) in any manner except to add thereto another sentence. Since 1931 the statute has read as follows (italicized portion indicating sentence added by 1931 amendment):

"Every such company shall furnish at proper points designated by it, suitable cars for the transportation of live stock of all kinds,

and shall transport the same at a rate not to exceed the highest rate and minimum weight charged by such company for any kind of stock in such car, except that the cattle rate and minimum weight will apply ·when by the use of same a lower charge results, and the cattle rate will apply when the actual weight exceeds the cattle minimum. *The minimum weight of a single-deck carload of mixed livestock containing cattle weighing each in excess of 400 pounds for all purposes of calculating freight charges shall be 19,000 pounds, in cars 36 feet 7 inches in length and under, and 21,000 pounds in cars 40 feet 7 inches in length and over 36 feet 7 inches in length, and 23,000 pounds for all cars over 40 feet 7 inches in length.* Stock of different kinds shall be carried in the same car, at the option of the shipper, and the railroad and warehouse commission is hereby authorized to provide for the partitioning of cars on such terms and conditions as it deems proper. Any such company failing to comply with any provision of this section shall forfeit to the party aggrieved not less than $100, nor more than $500."

Defendant's lawfully published tariff, on file with the Minnesota railroad and warehouse commission, provides the following rates and minimum weights on *straight* carload livestock shipments from Wadena, Minnesota, to St. Paul, Minnesota.

| "KIND OF STOCK (Straight carload) | RATE PER 100 LBS. (Cents) | MINIMUM WEIGHT (Pounds) |
|---|---|---|
| Cattle (including calves) | 22 | 22,000 |
| Hogs (in single-deck cars) | 23 | 16,500 |
| Sheep (in single-deck cars) | 24.5 | 12,000" |

A careful reading of the above statutes, in connection with ·this tariff, will reveal several obvious ambiguities. However, we shall attempt to interpret the statute, as amended, and shall be guided by what the legislature probably intended to accomplish by its enactment. Section 4872, before it was amended in 1931, permitted a railroad to charge for a mixed livestock shipment the highest rate as applied to the accompanying minimum weight charged for *any* kind of stock in the carload shipment. Thus where a shipment

contained livestock of all three kinds (sheep, hogs, and cattle) a railroad could choose any one of the three rates (cattle rate 22 cents, hog rate 23 cents, or sheep rate 24.5 cents), apply it to the minimum weight which corresponded to the rate it chose, and charge accordingly. Naturally the rate which when applied to its corresponding minimum weight would yield the most to the railroad was most apt to be charged. So, prior to the 1931 amendment, if a mixed shipment contained one or more head of cattle the railroad was permitted to charge the cattle rate (22 cents) as applied to the cattle minimum weight (22,000 pounds). Thus if a shipment contained mostly sheep, or mostly hogs but included one head of cattle, the shipper paid a higher rate than if he had shipped a straight carload of sheep or a straight carload of hogs or a mixed carload of sheep and hogs. This resulted in discrimination against the small shipper who had cattle and other livestock to ship but only enough all together to fill one freight car. He was forced to put all his stock of all kinds into one car and pay the high rate. This was the evil the legislature attempted to remedy. The legislature sought to remedy the injustice resulting where one or two head of cattle of necessity had to be included in a shipment of hogs or sheep. We do not believe, however, that the legislature intended by its amendment to place a premium on mixed shipments; that is, the legislature did not intend to give a shipper an advantage if he included in his shipment a single head of cattle weighing in excess of 400 pounds; nor did the legislature intend to make it advantageous to the shipper to include one sheep or one hog in a shipment of cattle. We approach the decision of this case with these facts in mind.

Both parties to this litigation agree that a rate cannot be separated from its minimum weight. A minimum weight is meaningless except as connected with a rate. The application of any particular rate is inseparably tied up with a minimum weight. Consequently, in cases of mixed livestock shipments, it is agreed that although the railroad is authorized to charge the highest rate and minimum weight charged for *any* kind of stock in a car, the two must not be separated. If sheep are included in the shipment, the railroad can

charge 24.5 cents, but it cannot apply this rate to any minimum weight but 12,000 pounds, the corresponding sheep minimum weight. The railroad cannot charge the sheep rate and apply it to the cattle weight, for instance, nor can it charge the hog rate and apply it to the cattle weight, etc. Rate and weight cannot be thus separated. So before the 1931 amendment to § 4872 it is clear that for a mixed shipment of livestock the railroad could charge the highest rate and minimum weight charged for *any* stock in the car. Thus, if the shipment contained all three kinds of stock, the railroad could charge the sheep rate (24.5 cents) as applied to the corresponding sheep minimum weight (12,000 pounds), the hog rate (23 cents) as applied to the corresponding hog minimum weight (16,500 pounds), or the cattle rate (22 cents) as applied to the corresponding cattle minimum weight (22,000 pounds). There were but two cases where the railroad could not have its choice as to which of the three rates to apply: (1) If by the application of the cattle rate (22 cents) and the cattle minimum weight (22,000 pounds) a lower charge would result than under the method the railroad had chosen, then the railroad was bound to apply the cattle rate and the cattle minimum weight; (2) if the actual weight of the shipment exceeded the cattle minimum weight (22,000 pounds), then the railroad was bound to apply the cattle rate. With these two exceptions, the railroad could choose the rate and corresponding minimum weight to apply.

The 1931 amendment did not change § 4872 in any particular. It merely added the following sentence:

"The minimum weight of a single-deck carload of mixed livestock containing cattle weighing each in excess of 400 pounds for all purposes of calculating freight charges shall be 19,000 pounds, in cars 36 feet 7 inches in length and under, and 21,000 pounds in cars 40 feet 7 inches in length and over 36 feet 7 inches in length, and 23,000 pounds for all cars over 40 feet 7 inches in length."

It is clear that after the passage of this amendment the railroad is still allowed to choose the rate to apply to a mixed shipment of livestock. It can choose the sheep rate (24.5 cents) if the ship-

ment contains some sheep, the hog rate (23 cents) if the shipment contains some hogs, or the cattle rate (22 cents) if the shipment contains some cattle. But, after 1931, if the shipment contains one or more head of cattle weighing in excess of 400 pounds, whichever rate the railroad chooses must be applied to a new minimum weight of 19,000 pounds, 21,000 pounds, or 23,000 pounds, depending upon the length of the car used. The amendment clearly states that such shall be the minimum weight in all mixed shipments containing cattle weighing each in excess of 400 pounds for all purposes of calculating freight rates. Though the new minimum weight for such mixed shipments fixed by the 1931 amendment varies with the length of the car, the same principle applies. The railroad can choose its rate as above outlined but must apply it to the new varying minimum weight.

In applying this new statutory minimum weight to mixed shipments of livestock, however, the railroad is still subject to the two old limitations: (1) The railroad is bound to apply the cattle rate (22 cents) and the cattle minimum weight (22,000 pounds) in cases where by the use of the same a lower charge results; (2) the railroad is bound to use the cattle rate (22 cents) where the actual weight exceeds the cattle minimum (22,000 pounds).

We cannot accede to plaintiffs' contention that where a shipment contains one or more head of cattle weighing in excess of 400 pounds the railroad is bound to apply the 22 cents cattle rate to the newly established minimum weight for mixed shipments. In that portion of the statute wherein it is said, "except that the cattle rate and minimum weight will apply when by the use of same a lower charge results," rate and weight are inseparable. Both parties agree that rate has no meaning except as connected with a weight. It is here that this principle applies. The legislature presumably had this in mind when using the two terms together in this instance. Common usage can be resorted to in interpreting the meaning of words used in a statute. The legislature, in effect, said in the above excerpt "cattle rate and cattle minimum weight." This was the construction given this clause before the 1931 amendment. This is the construction we would have given this portion of the statute if

it had come before us prior to the 1931 amendment. The amendment did not change it. The only "minimum weight" that the 1931 amendment was intended to, and did, change was the one appearing in the statute above this exception clause where it is stated, "at a rate not to exceed the highest rate and *minimum weight* charged by such company for any kind of stock in such car." In place of "minimum weight" here, the legislature substituted the new minimum weights for certain mixed shipments of 19,000 pounds, 21,000 pounds, and 23,000 pounds, depending upon the length of the car used. The legislature did not intend to make the railroad apply the cattle rate (22 cents) to the new mixed livestock shipment minimum wherever a lower charge would result than by the application of whatever rate it chose to apply to the new minimum weight. If we followed plaintiffs' contention, then it would be to the advantage of a shipper to include in his shipment one or two head of cattle weighing in excess of 400 pounds. Then the railroad could not charge the sheep or hog rate, even though the shipment were largely of the latter. This would give the shipper, large or small, an undue advantage. The legislature, by passing the 1931 amendment, did not intend to do this. It intended merely to remedy the discrimination which existed against the small shipper, not to give an undue advantage to persons who included in a shipment one or two head of cattle weighing in excess of 400 pounds. As we see it, the statute, after amendment, was intended to and should read as if it had said the following:

Every company shall furnish at proper points designated by it suitable cars for the transportation of livestock of all kinds, and shall transport the same where a shipment includes one or more head of cattle weighing in excess of 400 pounds at a rate not to exceed the highest rate as applied to 19,000 pounds, 21,000 pounds, or 23,000 pounds, depending upon the length of the car used, charged by such company for any kind of stock in such car, except that the cattle rate (22 cents) and the cattle minimum weight (22,000 pounds) will apply when by the use of the same a lower charge results, and the cattle rate (22 cents) will apply when the actual weight exceeds the cattle minimum (22,000 pounds).

14

In view of what has been said herein, it becomes apparent that defendant railroad did not violate 1 Mason Minn. St. 1927, § 4872, as amended by L. 1931, c. 215, in charging 24.5 cents as applied to a minimum weight of 19,000 pounds for the shipment herein. Consequently there is no question here of defendant's penal liability, and it is clear that plaintiffs' attorneys are not entitled to fees under the statute.   Both depend upon a violation of the statute, which violation was not present here.

In accordance with the foregoing opinion, the judgment of the lower court should be and the same hereby is reversed.

STONE, JUSTICE, took no part in the consideration or decision of this case.