**BAL, INC., d/b/a The Wabasha Bar, 427 South Wabasha Street, Relator,**

**v.**

**CITY OF ST. PAUL, a Minnesota Corporation, and the City Council, consisting of individual City Council Members, Tom Dimond, Roger Goswitz, Robert Long, Paula Maccabee, Janice Rettman, Dave Thune and William Wilson, Respondents.**

**No. C7–90–2460.**

Court of Appeals of Minnesota.

April 30, 1991.

Earl P. Gray, Richard J. Malacko, St. Paul, for relator.

Jane McPeak, City Atty., Philip B. Byrne, Asst. City Atty., St. Paul, for respondents.

Considered by AMUNDSON, P.J., HUSPENI and RANDALL, JJ.

AMUNDSON, Judge.

## OPINION

AMUNDSON, Judge.

Wabasha Bar was served notice of a hearing for alleged violations of its liquor licenses. After a hearing the administrative law judge recommended revoking the bar's off-sale license, suspending the on-sale license for six days, and imposing a $500 fine. The St. Paul City Council adopted most of the ALJ's findings, but resolved to revoke both licenses. Wabasha Bar appealed by writ of certiorari, contending the City Council's decision was arbitrary and capricious and not supported by substantial evidence. We disagree and affirm the City Council's decision.

## FACTS

Appellant Wabasha Bar is located on the West Side in St. Paul. It is across the street from a 21–unit apartment complex and next to a commercial building that has apartments on the upper floors.

The bar held an on-sale intoxicating liquor license and an off-sale nonintoxicating liquor license. After a public hearing in August 1989, respondent St. Paul City Council placed three conditions on the bar's licenses: (1) call for police help whenever illegal activity was observed; (2) monitor the door at closing to prevent patrons from exiting with beverages; (3) prevent loitering on the premises. In December 1989, the City Council suspended the bar's licenses for three days for selling strong beer in violation of the bar's off-sale liquor license.

In August 1990, Wabasha Bar was served notice of a hearing for alleged violations of its licenses. An administrative law judge (ALJ) conducted the hearing pursuant to St. Paul, Minn., Legislative Code § 310.05(c–1) (1987). At the hearing, six citizens, most of whom resided in the Wabasha Bar neighborhood, complained of fights and altercations, public intoxication, sexual acts, public urination and loitering near the Wabasha Bar. They also reported hearing loud noises emanating from the bar and seeing bar patrons leave with open bottles or cans of beer. A police officer testified that during one evening he saw six patrons take beer from the bar and heard loud and hostile talk from the bar patrons. Another officer, on a different evening, saw several bar patrons leave with beer and saw a fight break out near the bar. A third officer testified the bar sold him two six packs of strong beer in violation of its off-sale license.

The ALJ concluded: (1) the bar violated its off-sale liquor license; (2) the bar failed to comply with the law prohibiting removal of intoxicating beverages from the premises; (3) the City of St. Paul failed to show the bar was a nuisance; and (4) with proper management the bar could comply with the law. The ALJ recommended revoking the off-sale license, suspending the on-sale license for six days, and imposing a $500 fine.

In October 1990, the St. Paul City Council conducted a hearing to consider the ALJ's findings, conclusions and recommendations. The parties submitted written exceptions to the ALJ's report and their counsel presented arguments. In November 1990, the Council passed a resolution adopting most of the ALJ's findings and the first two conclusions. The Council decided, however, the bar did indeed create a nuisance and the bar's management was incapable of performing its responsibilities as a licensee. The Council revoked both of the bar's licenses. The bar appealed the Council's decision by writ of certiorari.

## ISSUE

Was the City Council's decision unsupported by substantial evidence or arbitrary and capricious?

## ANALYSIS

Wabasha Bar argues the City Council's decision that the bar constitutes a nuisance is not supported by substantial

evidence. A reviewing court must uphold a City Council's decision if the record, considered in its entirety, contains substantial evidence supporting the decision. *See Matter of Hutchinson,* 440 N.W.2d 171, 176 (Minn.App.1989).

The City Council may take adverse action against a licensee when:

> The licensed business, or the way in which said business is operated, maintains or permits conditions that unreasonably annoy, injure or endanger the safety, health, morals, comfort or repose of any considerable number of members of the public.

St. Paul, Minn., Legislative Code § 310.06(b)(8) (1987).

In his memorandum the ALJ concluded the record contains adequate evidence of disturbing conditions in the Wabasha Bar neighborhood which, if caused by negligent management of the bar, would constitute a nuisance. Specifically, citizens and police officers testified they saw public intoxication, fights and altercations, sexual acts, loitering and public urination near the bar. Witnesses also testified that loud, annoying noise came from the bar.

Wabasha Bar argues that the conditions constituting nuisance were not caused by the negligent management of the bar. We disagree and conclude the City Council properly inferred from the evidence and the ALJ's findings that the licensee's negligent operation of the bar caused the nuisance. The bar violated its off-sale license twice in nine months. Moreover, testimony indicated the Wabasha Bar exercised no meaningful control of bar patrons who left with drinks, in violation both of the August 1989 conditions placed on the bar's license and St. Paul city law. St. Paul, Minn., Legislative Code § 410.04(1) (1987). Further, there was evidence the owner of the apartment complex across the street lost 17 tenants in two and a half years allegedly because of negligent bar management. Witnesses and police officers testified they saw bar patrons leave the premises with drinks, congregate outside, and engage in loud and sometimes unruly behavior.

Finally, one area resident testified concerning sexual behavior on the street near the bar. Although the City Council mischaracterized this testimony, there is other evidence to sustain the Council's determination of nuisance. Under these circumstances, substantial evidence supported the City Council's conclusion that the negligent operation of the bar constituted a nuisance. Consequently, we hold the revocation of the bar's licenses was justified.

■ Wabasha Bar also argues the City Council acted arbitrarily and capriciously by reaching different conclusions than the ALJ. The City Council's decision is arbitrary and capricious when the decision is based on whim or is devoid of articulated reasons. *See Mammenga v. Department of Human Servs.,* 442 N.W.2d 786, 789 (Minn.1989). The City Council may accept, reject or modify the ALJ's findings, conclusions and recommendations. St. Paul, Minn. Legislative Code § 310.05(c–1) (1987); *See also Hymanson v. City of St. Paul,* 329 N.W.2d 324, 326–27 (Minn.1983) (a city council may make new findings or decide contrary to the ALJ's recommendations).

The City Council made several new findings, each of which was supported by the record, and rejected the ALJ's conclusion regarding nuisance. It concluded the bar amounted to a nuisance and revoked the bar's licenses. The City Council's decision to reject the ALJ's conclusions and recommendations falls within the broad discretion accorded municipal authorities to determine the regulation and revocation of liquor licenses. The City Council provided articulated reasons for its decisions. We therefore find the bar's argument unpersuasive.

## DECISION

The St. Paul City Council did not err by revoking the Wabasha Bar's liquor licenses.

Affirmed.