**Scott C. ENGLUND, Appellant,**

v.

**MN CA PARTNERS/MN JOINT VENTURES, d/b/a Radisson Hotel South, Respondent.**

**No. C7–96–852.**

Court of Appeals of Minnesota.

Nov. 12, 1996.

Review Granted Jan. 15, 1997.

Sharon L. Van Dyck, Richard L. Tousignant, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for appellant.

Eric J. Magnuson, Richard J. Nygaard, Richard C. Scattergood, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SHORT, Judge.

On appeal from a grant of summary judgment in favor of the liquor licensee in a dram shop action, Scott Englund argues the trial court erred by concluding the licensee's sale of alcohol, which alcohol the patron consumed off the licensed premises, did not violate chapter 340A.

## FACTS

On a summer morning, Donna Mae Jones stopped at the Radisson Hotel South (licensee) on her way to a Lake Harriet beach. As

she had done on numerous occasions before, Jones parked near the south entrance, entered the hotel through a back door by the pool, proceeded directly to the bar, and ordered two double gin and tonics. The bartender served the alcoholic beverages in two plastic cups. Jones paid for the drinks and left the bar without sitting at a table or barstool to consume her beverages. Jones drank the first drink as she walked out of the hotel and the second as she drove to the beach.

Later that afternoon, Jones returned to the hotel and again ordered two double gin and tonics from the same bartender. Once again, the bartender served the alcoholic beverages in two plastic cups. Jones consumed the first drink as she walked out of the hotel and the second en route to her Edina home. She was driving eastbound on West 50th Street when she made a left-hand turn into oncoming traffic and collided with a motorcycle driven by Scott Englund. At the time of the accident, Jones's blood alcohol content was 0.14. As a result of the collision, Englund suffered a liver laceration, a right femoral fracture, and a cervical fracture at C4. Englund underwent fusion surgery, significant hospitalization, and lengthy rehabilitation. He is unable to return to work due to incomplete C4–5 quadriplegia resulting from the C4 fracture.

Englund sued the licensee for selling liquor to Jones in violation of its on-sale liquor license, which permitted sales for consumption on the licensed premises only. After discovery, the licensee moved for judgment as a matter of law. The trial court granted summary judgment, finding, on the basis of the licensee's subjective intent at the point of sale, that the licensee sold the alcohol for on-premises consumption.

## ISSUES

I.  Did an on-sale liquor licensee's sale of alcohol consumed off the licensed premises violate Minn.Stat. ch. 340A?

II. If the liquor sale did violate chapter 340A, is such a violation substantially related to the purposes of the civil damage act, so as to constitute an "illegal sale" under the act?

## ANALYSIS

On appeal from summary judgment, this court examines the record to determine whether a genuine issue of material fact exists and whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We review de novo questions of statutory construction. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

When interpreting a statute, our function is to ascertain and effectuate the legislature's intent in drafting the statute. Minn.Stat. § 645.16 (1994); *State v. Orsello*, 554 N.W.2d 70, 74 (Minn. 1996). We construe statutory words and phrases according to their common and approved usage. Minn.Stat. § 645.08(1) (1994); *Bennett Comm'n Co. v. Northern Pac. Ry.*, 195 Minn. 7, 12, 261 N.W. 593, 595 (1935).

■ The civil damage act imposes liability for illegally selling alcoholic beverages that intoxicate a person when the intoxication causes injury to innocent third parties. Minn.Stat. § 340A.801, subd. 1 (1994); *Herrly v. Muzik*, 374 N.W.2d 275, 278 (Minn.1985) (quoting *Randall v. Village of Excelsior*, 258 Minn. 81, 83, 103 N.W.2d 131, 133 (1960)). A sale of alcohol constitutes an "illegal sale" under the statute if: (1) the sale violates a provision of the liquor act, Minn.Stat. ch. 340A (1994 & Supp.1995); and (2) the violation is substantially related to the purposes of the civil damage act. *Rambaum v. Swisher*, 435 N.W.2d 19, 21 (Minn.1989).

■ Illegal sales under the act include: (1) liquor sales by clubs to non-members or guests; (2) sales during prohibited hours; (3) sales to minors; (4) sales to obviously intoxicated persons; and (5) sales on prohibited days. *Rambaum*, 435 N.W.2d at 22 (non-members or guests of club); *Hollerich v. City of Good Thunder*, 340 N.W.2d 665, 669 (Minn.1983) (after-hours); *Kvanli v. Village of Watson*, 272 Minn. 481, 484, 139 N.W.2d 275, 278 (1965) (minors); *Strand v. Village of Watson*, 245 Minn. 414, 419–20, 72 N.W.2d

609, 614 (1955) (intoxicated persons); *Fest v. Olson,* 138 Minn. 31, 33, 163 N.W. 798, 798 (1917) (Sunday sales, when prohibited by statute). We are asked in this case to decide whether an on-sale liquor licensee's sale of alcohol consumed off the licensed premises constitutes an "illegal sale," thereby subjecting the licensee to dram shop liability.

## I.

▮ The liquor act grants cities the power to issue on-sale intoxicating liquor licenses to hotels. Minn.Stat. § 340A.404, subd. 1(1) (1994). An on-sale license authorizes the "sale of alcoholic beverages for consumption on the licensed premises only." Minn.Stat. § 340A.101, subd. 21 (1994); *see also* Minn. R. 7515.0560, subpt. 2 (1995) ("On-sale liquor licensees shall sell intoxicating liquor to lawful consumers by the drink for consumption on the premises only."). A sale beyond the statutory scope of an on-sale license constitutes a violation of the liquor act. *See Rambaum,* 435 N.W.2d at 22 (finding violation of chapter 340A where club served nonmember in violation of statutory license provision).

Neither the statute nor the administrative rules prescribe how a liquor vendor complies with the on-premises consumption requirement. *See generally* Minn.Stat. § 340A.101, subd. 21; Minn. R. 7515.0560 (1995). In addition, there is no controlling case law. *Cf. BAL, Inc. v. City of St. Paul,* 469 N.W.2d 341, 343 (Minn.App.1991) (affirming sanctions under municipal ordinance against vendor who failed to monitor door to prevent patrons from exiting with open beverages). Englund argues the licensee is responsible for ensuring that patrons do not leave the licensed premises with alcoholic beverages. Conversely, the licensee suggests we examine the method of service (here, open container) and the subjective intent of the bartender to determine whether the sale was legal at its origination. *Cf.* Minn.Stat. § 340A.101, subd. 20 (1994) (prescribing, under off-sale license, the sale of alcoholic beverages in original packages).

▮ To determine the extent of a vendor's responsibilities under the on-premises consumption provision, we are guided by other provisions of the liquor act. *See* Minn. Stat. § 645.16(5) (1994) (allowing consideration of related laws). It is well established that a vendor is strictly liable for the consequences of a chapter 340A violation, regardless of the vendor's negligence or wrongful intent. *Dahl v. Northwestern Nat'l Bank of Mpls.,* 265 Minn. 216, 220, 121 N.W.2d 321, 324 (1963); *VanWagner v. Mattison,* 533 N.W.2d 75, 78 (Minn.App.1995) (discussing *Dart v. Pure Oil Co.,* 223 Minn. 526, 534, 27 N.W.2d 555, 559 (1947)), *review denied* (Minn. Sept. 20, 1995). However, a strict liability analysis does not assist our determination of whether a violation of the liquor laws occurred in the first instance; that analytical framework is properly invoked to establish dram shop liability only after a violation is found. *See State v. Neisen,* 415 N.W.2d 326, 329 (Minn.1987) (declining to find violation where vendor unintentionally served alcohol to minor, noting "if criminal liability * * * is to be imposed for conduct unaccompanied by fault, the legislative intent to do so should be clear"); *Strand,* 245 Minn. at 422–23, 72 N.W.2d at 616 (rejecting argument that a sale to an intoxicated person is illegal even if reasonable vendor would not recognize the person's condition); *cf. E.G. Pub, Inc. v. New York State Liquor Auth.,* 213 A.D.2d 156, 623 N.Y.S.2d 222, 222 (1995) (holding vendor liable, without inquiring into vendor's state of mind, where patrons carried alcohol off-premises).

Similarly, a vendor's subjective intent in making a sale is not determinative of whether the sale is illegal because: (1) subjective intent is not relevant to any other provision of the statute; and (2) the examination of a vendor's subjective intent could lead to uneven application of the statute, making effective enforcement doubtful. *See* Minn.Stat. § 340A.503, subd. 6(b) (1994) (directing consideration of vendor's objective reasonableness and subjective good faith in relying on minor purchaser's false identification); *Rambaum,* 435 N.W.2d at 21–22 (holding vendor liable irrespective of licensee's knowledge purchaser was non-member or guest); *see also* Minn.Stat. § 645.17(1), (2) (1994) (stating legislature does not intend an uncertain result or one impossible of execution).

Furthermore, focusing solely on the type of container used would ignore the statutory mandate that liquor sold be consumed on the licensed premises only. *See* Minn.Stat. § 645.17(2) (providing presumption the legislature intended entire statute be effective).

The legislature chose to regulate the sale of alcohol and place on liquor vendors the responsibility of complying with the requirements of chapter 340A. *See Beck v. Groe,* 245 Minn. 28, 39, 70 N.W.2d 886, 894 (1955) (noting the right to sell alcohol is merely a privilege, which the legislature may revoke at will upon violation of statutory conditions); *Dahl,* 265 Minn. at 220, 121 N.W.2d at 324 (recognizing the legislature strictly regulates and controls alcohol industry for public welfare and safety).

> [B]y placing the burden of economic loss on the vendors, the Act "provides an extremely effective incentive for liquor vendors to do everything in their power to avoid making illegal sales."

*Hollerich,* 340 N.W.2d at 668 (quoting *Skaja v. Andrews Hotel,* 281 Minn. 417, 423, 161 N.W.2d 657, 661 (1968)); *accord Mjos v. Village of Howard Lake,* 287 Minn. 427, 435, 178 N.W.2d 862, 868 (Minn.1970) (requiring the vendor take affirmative steps to ensure sale is legal).

In construing a predecessor to the statute forbidding sales to obviously intoxicated persons, the supreme court held a vendor complies with the statute when it acts as a reasonable person.

> Before there can be an illegal sale under § 340.14, the person to whom the sale is made must be intoxicated to such an extent that the seller, using his usual and reasonable powers of observation, sees or should see that the buyer is intoxicated.

*Strand,* 245 Minn. at 422, 72 N.W.2d at 615; *see* Minn.Stat. § 340.14, subd. 1 (1953) (forbidding sales to intoxicated persons); *see also Jewett v. Deutsch,* 437 N.W.2d 717, 720 (Minn.App.1989) (applying *Strand* objective test to "obviously intoxicated" statute after repeal of statutory good faith defense). The courts have employed a similar objective standard to determine a vendor's liability for selling alcohol to minors. *See Neisen,* 415 N.W.2d at 329 (noting repeal of statutory good faith defense, but permitting vendor to prove it made careful investigation of buyer's age and relied on identification evidence sufficient to convince prudent person the sale was legal).

We conclude a vendor violates the on-sale provision of the liquor act, Minn.Stat. § 340A.404, when it fails to operate as a reasonable vendor, acting in good faith to sell liquor to be consumed only on the licensed premises. This is not to say that an on-sale liquor vendor is liable every time a customer evades the vendor's safeguards and smuggles liquor off-premises. *See Strand,* 245 Minn. at 422–23, 72 N.W.2d at 616 (refusing to place vendor at strict peril for serving liquor to imperceptibly intoxicated person). From the limited record available, there appear to be disputed fact issues relating to the licensee's conduct in selling liquor to Jones. Accordingly, we remand for determination by the fact finder.

## II.

■ The licensee argues it is entitled to summary judgment even if fact issues exist because no violation of Minn.Stat. § 340A.404 is substantially related to the purposes of the civil damage act. *See Rambaum,* 435 N.W.2d at 21 (holding violation of liquor laws constitutes "illegal sale" under civil damage act only if substantially related to purposes of the act). The purposes of the act are: (1) to protect the health, safety and welfare of the public through careful regulation of liquor distribution; (2) to penalize dram shops for the illegal sale of liquor; and (3) to provide a remedy for innocent third persons injured as a result of another's intoxication. *Herrly,* 374 N.W.2d at 278; *Dahl,* 265 Minn. at 220, 121 N.W.2d at 324.

■ An on-sale vendor's selling of alcohol in an open container without safeguarding against off-premises consumption enhances the potential for drinking while driving, which poses a danger to the safety of innocent persons on the road. By holding a vendor accountable for the failure to do everything in its power to ensure on-premises consumption, the purposes of the civil damage act are fulfilled. *Cf. Hollerich,* 340

N.W.2d at 668 (recognizing prohibition of after-hours sales had substantial connection to purposes of act because such sales decreased injuries from intoxication by reducing consumption late at night, when safety concerns were enhanced). Thus, a violation of the on-sale license provision is substantially related to the purposes of the civil damage act. We conclude such a violation constitutes an "illegal sale" under the act and subjects a liquor vendor to dram shop liability for resultant injuries.

## DECISION

The licensee's sale of alcohol to Jones, which alcohol she consumed off-premises, constitutes an "illegal sale" for the purpose of establishing dram shop liability under the civil damage act if the licensee failed to act as a reasonable vendor, acting in good faith to sell alcohol for consumption on the licensed premises only. Given the disputed fact issues concerning the licensee's conduct in selling alcohol to Jones, the trial court erred by granting summary judgment. We reverse and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**