**In re the Matter of Lucila Nicole SANTILLAN, f/k/a Lucila Nicole Martine, Petitioner, Respondent,**

v.

**John Vincent MARTINE, Sr., Appellant.**

**No. C5–96–2440.**

Court of Appeals of Minnesota.

April 8, 1997.

John R. Jesperson, Jesperson Law Office, Minneapolis, for Respondent.

Mark W. Gehan, Sarah J. Batzli, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, for Appellant.

Considered and decided by AMUNDSON, P.J., and SHORT and HARTEN, JJ.

## OPINION

SHORT, Judge.

Near the end of his temporary spousal maintenance obligation, the trial court ordered John Vincent Martine, Sr., to continue maintenance payments for one year. On appeal, Martine argues: (1) the parties' judgment and decree divested the trial court of jurisdiction to modify spousal maintenance; and (2) the trial court abused its discretion in extending rehabilitative maintenance at its current level for one year.

## FACTS

Lucila Nicole Santillan and John Vincent Martine, Sr., married in 1980 and divorced in 1994. The trial court awarded the parties joint legal and physical custody of their three minor children. At the time of dissolution, Santillan was a full-time student at the University of Minnesota, working toward a Bachelor of Arts in political science, which she expected to receive in June 1995. Santillan was not gainfully employed while in school. Due to Santillan's economic dependence on Martine, who was employed full-time, the parties stipulated to temporary maintenance of $700 per month for a period of 20 months. They further stipulated: "The Court shall be divested of jurisdiction to modify the spousal maintenance provision." The trial court incorporated verbatim these stipulations into the judgment and decree.

On December 29, 1995, two days before the expiration of Martine's maintenance obligation, Santillan served him with a motion to modify child support and visitation and to extend temporary maintenance. At the time of that motion, Santillan was employed part-time selling Herbalife products and doing clerical work. She had failed to complete her college degree, due, she claimed, to her increased childcare duties as a result of problems in Martine's home. After a hearing before a referee, the trial court: (1) concluded it had jurisdiction because Santillan had served her motion prior to the date of divestiture of jurisdiction under the judgment and

decree; and (2) ordered a one-year extension of Martine's temporary maintenance obligation on the basis of Santillan's inability to complete her schooling.

## ISSUES

I. Did the trial court err in exercising jurisdiction over Santillan's motion to modify spousal maintenance?

II. If not, did the trial court abuse its discretion in extending rehabilitative maintenance at its current amount for one year?

## ANALYSIS

A trial court has broad discretion over issues of spousal maintenance, and this court will not reverse a trial court's decision absent an abuse of that discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). Subject matter jurisdiction and the interpretation of statutes and contracts raise questions of law, which we review de novo. *See Trondson v. Janikula*, 458 N.W.2d 679, 681 (Minn.1990) (contract interpretation); *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985) (statutory construction); *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir.1995) (jurisdiction).

### I.

Prior to the enactment of Minn.Stat. § 518.552, subd. 5, stipulated divestitures of trial court jurisdiction over spousal maintenance modifications were governed by the supreme court's decision in *Karon*, which gave effect to such stipulations when incorporated by a trial court into a judgment and decree. *Karon v. Karon*, 435 N.W.2d 501, 503 (Minn.1989); *see* 1989 Minn. Laws ch. 248, § 7 (codified at Minn.Stat. § 518.552, subd. 5 (Supp.1989)). Following the release of *Karon*, however, the legislature added the following provision to the maintenance statute:

The parties may expressly preclude or limit modification of maintenance through a stipulation, if the court makes specific findings that the stipulation is fair and equitable, is supported by consideration

described in the findings, and that full disclosure of each party's financial circumstances has occurred.

Minn.Stat. § 518.552, subd. 5 (1996); *see Loo v. Loo*, 520 N.W.2d 740, 746 n. 6 (Minn.1994) (recognizing section 518.552, subdivision 5, protections for parties limiting modification of maintenance by stipulation).

Martine argues the trial court erred in exercising jurisdiction over Santillan's motion to modify spousal maintenance because the parties' judgment and decree contains express divestiture language. However, a stipulated divestiture of jurisdiction is effective only if the trial court, in adopting the stipulation, makes specific written findings that the stipulation is fair and equitable and supported by specified consideration, and that both parties have made full financial disclosures. Minn.Stat. § 518.552, subd. 5; *see* Minn.Stat. § 645.08(1) (1996) (requiring statutory interpretation according to common and approved usage of words); *Bennett Comm'n Co. v. Northern Pac. Ry.*, 195 Minn. 7, 12, 261 N.W. 593, 595 (1935) (same). We cannot infer the existence of these necessary elements in the face of the legislative mandate for specific trial court findings of fact. *See* Minn.Stat. § 645.16 (1996) (requiring construction of statutes so as to give effect to all terms); *see, e.g., Kahn v. Tronnier*, 547 N.W.2d 425, 429 (Minn.App.1996) (remanding for trial court to specifically address child support criteria, under applicable statute providing court "shall make written findings" upon deviating from guidelines), *review denied* (Minn. July 10, 1996); *Reynolds v.* *Reynolds*, 498 N.W.2d 266, 272 (Minn.App. 1993) (requiring specific written findings under applicable statute providing "[i]f the court apportions property other than marital property, it shall make findings" in support of apportionment).

Santillan's and Martine's judgment and decree, which incorporated the parties' stipulation in its entirety, did not include the specific findings required by Minn.Stat. § 518.552, subd. 5. Under these circumstances, we must conclude the judgment failed to divest the trial court of subject matter jurisdiction over modifications of spousal maintenance.[1]

## II.

A party seeking modification of a spousal maintenance award must demonstrate a substantial change in circumstances that renders the existing award unreasonable and unfair. Minn.Stat. § 518.64, subd. 2(a) (1996); *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980). A trial court may extend spousal maintenance if, at the time of the motion, the recipient spouse lacks sufficient property or earnings to provide for that spouse's reasonable needs. Minn.Stat. §§ 518.64, subd. 2(b) (1996) (directing court to consider section 518.552 factors on motion for extension of maintenance award), 518.552, subd. 1 (1996) (permitting maintenance award to spouse who lacks sufficient property to provide for reasonable needs or is unable to provide adequate self-support through employment). In determining the appropriate level of maintenance, a court must consider the financial

1. In finding jurisdiction to exist, the trial court concluded the stipulation's provision that the court "shall be divested of jurisdiction" was not to take effect until the termination date of Martine's original maintenance obligation. *See Loo v. Loo*, 520 N.W.2d 740, 745 (Minn.1994) (holding spouse's future waiver of right to modify maintenance does not accomplish present divestiture of jurisdiction). However, the natural reading of the clause calls for immediate divestiture. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (construing contract according to plain and ordinary meaning); *see also Starr v. Starr*, 312 Minn. 561, 562–63, 251 N.W.2d 341, 342 (Minn.1977) (applying general rules of contract construction to interpretation of divorce stipulation). Furthermore, because the expiration of a term of maintenance automatically deprives the court of authority to award further maintenance, the trial court's future construction would render the divestiture provision superfluous. *See Eckert v. Eckert*, 299 Minn. 120, 124, 216 N.W.2d 837, 840 (1974) (holding court may not renew maintenance after end of original term); *see also Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 526 (Minn.1990) (avoiding interpretation that would render provision meaningless). While we conclude the trial court erred in its construction of the divestiture clause, this error was nonprejudicial because the court's ultimate finding of jurisdiction was correct. *See* Minn.R.Civ.P. 61 (requiring that harmless error be ignored); *Midway Center*, 306 Minn. at 356, 237 N.W.2d at 78 (quoting *Waters v. Fiebelkorn*, 216 Minn. 489, 495, 13 N.W.2d 461, 464 (1944), and recognizing error without prejudice is not grounds for reversal).

752

resources of both parties and the time necessary for a payee spouse to acquire sufficient education to find appropriate employment and become fully or partially self-supporting. Minn.Stat. § 518.552, subd. 2(a), (b), (g) (1996).

■ The trial court extended Martine's maintenance obligation for one year because Santillan had not completed her college degree as the parties had contemplated at the time of the judgment and decree. *See Katter v. Katter*, 457 N.W.2d 750, 753 (Minn.App. 1990) (citing *Rydell v. Rydell*, 310 N.W.2d 112, 115 (Minn.1981), and holding failure of spouse to become fully rehabilitated while receiving temporary maintenance may constitute changed circumstances). However, the trial court made no finding as to whether this change in circumstances rendered the existing temporary maintenance award unreasonable or unfair. Additionally, the amount and duration of the extended maintenance award are unsupported by the trial court's findings. *See Stevens v. Stevens*, 501 N.W.2d 634, 637 (Minn.App.1993) (concluding failure to make adequate findings compels remand even where record supports trial court's decision). The trial court found: (1) Martine's claimed income of $2,800 per month had no evidentiary support; (2) Santillan's claim of $500 per month in earnings was similarly unsupported; (3) Santillan should reasonably be expected to earn more than $500 per month; and (4) both parties' alleged monthly expenses were "so inflated as not to be reliable." The court neglected to make findings on the parties' actual income or needs, and failed to address the probability of Santillan finishing her education or otherwise becoming self-supporting. *See Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989) (requiring sufficiently detailed findings of fact to demonstrate consideration of all relevant factors); *see, e.g., Rapacke v. Rapacke*, 442 N.W.2d 340, 343 (Minn.App.1989) (remanding maintenance modification for findings on former wife's income, needs, probable duration of further schooling, and earning capacity upon completion of education). Given these facts, we conclude the trial court abused its discretion by extending Martine's maintenance obligation, and we must remand to the trial court for proper findings.

## DECISION

Under the express language of Minn.Stat. § 518.552, subd. 5, the divestiture clause in the dissolution judgment and decree failed to divest the trial court of jurisdiction to address Santillan's motion to modify spousal maintenance. Although the trial court properly exercised jurisdiction, we must reverse and remand for findings sufficient to support the court's extension of temporary spousal maintenance.

**Affirmed in part, reversed in part, and remanded.**