Jean CLARK, individually and as trustee for the next of kin of Tina Grove, deceased, et al., Respondents,

v.

Roy Jorgen Munkholm PETERSON, et al., Defendants,

Gordon Wheeler d/b/a Camp Ripley Store/Bar/Cafe and Krazy Rabbit, Appellant.

No. A06–2006.

Court of Appeals of Minnesota.

Nov. 13, 2007.

---

Susan J. Bowden, McCullough, Williams, Bowden & Cyr, P.A., St. Paul, MN, for respondents.

Britton D. Weimer, Jones Satre & Weimer, PLLC, Eagan, MN, for appellant.

Considered and decided by
KLAPHAKE, Presiding Judge;
TOUSSAINT, Chief Judge; and
KALITOWSKI, Judge.

## OPINION

TOUSSAINT, Chief Judge.

In this civil-damages action, appellant Gordon Wheeler, d/b/a Camp Ripley Store/

Bar/Cafe and Krazy Rabbit, challenge the judgment in favor of respondents Jean Clark, individually and as trustee for the next of kin of Tina Grove, deceased, Michael Juetten, as parent and natural guardian of Chelsea Grove, and Chad Lindberg, as parent and natural guardian of Cody Lindberg. Wheeler argues that the district court erred in ruling as a matter of law that a liquor sale that violated the compact-and-contiguous building requirement in Minn.Stat. § 340A.410, subd. 7 (2006), was an illegal sale giving rise to liability under the Minnesota Civil Damages Act, Minn.Stat. § 340A.801, subd. 1 (2006). Because the compact-and-contiguous building requirement is substantially related to the purposes of the civil damages act and is consistent with established categories of illegal sales, we affirm.

## FACTS

In 1981, Wheeler acquired a liquor license to operate the Camp Ripley Bar, an adult-entertainment establishment. In July 1999, Wheeler was granted a zoning permit to construct a 40–by 100–foot building adjacent to the Camp Ripley Bar. The permit application described the building as a "storage building." In June 2001, following the issuance of a stop-work order applicable to unpermitted construction, Wheeler applied for an after-the-fact land-use permit for a structure, described as a walkway, connecting the new building to the Camp Ripley Bar and another structure expanding the new building. In the application, Wheeler indicated that he intended to sell alcoholic beverages out of the new building. In July 2001, the county zoning administrator sent a letter to Wheeler denying the application for an after-the-fact permit, explaining that the proposed construction would be an impermissible expansion of the adult-entertainment establishment, and stating that the stop-work order remained in effect.

Wheeler did not appeal the denial of the application for an after-the-fact permit but continued and completed construction of the structures.

In June 2001, Wheeler was granted a license renewal to operate Camp Ripley Store/Bar/Cafe. The renewal did not list any other establishment. In late 2001 or early 2002, Wheeler began operating a sports bar named Krazy Rabbit, which served food and alcoholic beverages, out of the 40–by 100–foot building adjacent to the Camp Ripley Bar. The walkway connecting the Krazy Rabbit to the Camp Ripley Bar is used for storage and not accessible to the public. Wheeler alleges that in 2000, Michael McManus, a liquor-control investigator, and Sheriff Paul Tschida advised him that the walkway would satisfy the compact-and-contiguous building requirement of Minn.Stat. § 340A.410.

After Roy Peterson was served alcohol at Krazy Rabbit on April 6, 2002, the vehicle he was driving was involved in an accident. Peterson's passenger, Tina Grove, was killed in the accident.

Clark, Juetten, and Lindberg brought this civil-damages action against Wheeler. Concluding that the liquor sale as a matter of law violated Minnesota Statutes chapter 340A and that the violation was substantially related to the purposes of the civil damages act, the district court granted partial summary judgment for Clark, Juetten, and Lindberg. The parties stipulated to the remaining issues, and judgment was entered for Clark, Juetten, and Lindberg.

## ISSUE

Did the district court err in concluding that the violation of the compact-and contiguous building requirement is substantially related to the purposes of the civil damages act?

## ANALYSIS

■ On appeal from a summary judgment, this court examines the record to determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). This court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). "Statutory construction is a question of law subject to de novo review." *Vlahos v. R & I Constr.*, 676 N.W.2d 672, 679 (Minn.2004).

■ The Minnesota Civil Damages Act (the act) is both remedial and penal. *Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 857 (Minn.1998). When its provisions are clear as to intent and purpose, the supreme court has "liberally construed the act so as to suppress the mischief and advance the remedy." *Id.* (quotation omitted). But "liberal construction is not without limitations and ... the Act is to be strictly construed in the sense that it cannot be enlarged beyond its definite scope." *Id.* (quotation omitted).

■ A person injured by an intoxicated person, or by the intoxication of another person, has a cause of action for all damages sustained against a party who caused the intoxication by illegally selling alcoholic beverages. Minn.Stat. § 340A.801, subd. 1 (2006). A sale of alcohol constitutes an "illegal sale" under the act if (1) the sale violates a provision of Minnesota Statutes chapter 340A and (2) the violation is substantially related to the purposes of the act. *Rambaum v. Swisher*, 435 N.W.2d 19, 21 (Minn.1989).

■ The sale in this case violated Minn. Stat. § 340A.410, subd. 7 (2006), which states, "A licensing authority may issue a retail alcoholic beverage license only for a space that is compact and contiguous. A retail alcoholic beverage license is only effective for the licensed premises specified in the approved license application."[1]

■ In addressing Wheeler's argument that the district court improperly expanded the categories of sales deemed illegal under Minn.Stat. § 340A.801, subd. 1, we have as our focus the purposes of the act. "The concern of the Civil Damages Act is intoxication which results in injury to the intoxicated person's dependants or others." *Hollerich v. City of Good Thunder*, 340 N.W.2d 665, 668 (Minn.1983). The act's purposes are (1) to protect the health, safety, and welfare of the public through careful regulation of liquor distribution, (2) to penalize vendors for the illegal sale of liquor, and (3) to provide a remedy for innocent third persons injured as a result of another's intoxication. *Englund v. MN CA Partners*, 555 N.W.2d 328, 332 (Minn.App.1996), *aff'd mem.*, 565 N.W.2d 433 (Minn.1997). Imposing liability on vendors acts as an incentive to the vendors to avoid illegal sales and also reflects the legislative judgment that the vendors can best bear the loss. *Conde v. City of Spring Lake Park*, 290 N.W.2d 164, 166 (Minn.1980). The act reflects a "deep concern over alcohol abuse." *Rambaum*, 435 N.W.2d at 22.

■ In determining whether a sale is an illegal sale under the act, the supreme court has "looked to the manner in which certain kinds of illegal sales impact on the public's access to and consumption of alcoholic beverages." *Id.* The supreme court considers significant the legislature's limitations based on population on the number

of regular liquor licenses that a municipality may issue based on population, and the fact that the exception from those limitations for clubs has a proviso limiting sales to club members and guests. *Id.* (holding that fraternal club's sale of liquor to person, not member or guest, is illegal sale under act). The court found that the proviso limited clubs' competition for business with other licensed vendors, thereby reducing the potential for alcohol abuse that occurs with competition for consumers in an over-saturated market. *Id.* Other sales that have been deemed illegal under the act include (1) sales during prohibited hours, (2) sales to minors, (3) sales to obviously intoxicated persons, and (4) sales on prohibited days. *Englund,* 555 N.W.2d at 330–33 (holding that sale of alcohol in open container by on-sale vendor without safeguarding against off-premises consumption is illegal sale under act).

We are not persuaded by Wheeler's argument that it is a significant distinction that this case involves a statute governing "the shape of the vendor's building," whereas cases in which a sale has been deemed illegal for purposes of the act all involved regulations restricting persons to whom liquor can be sold or the time of sale. Like the illegal sale in *Rambaum,* Wheeler's operation of two separate establishments in two separate buildings circumvents statutory limits based on population on the number of liquor licenses that a municipality may issue, thereby increasing the potential for alcohol abuse and the injury of innocent persons. Also, both *Englund* and this case involve the place where alcohol consumption occurs after the sale. The district court's conclusion that an illegal sale under the act occurred in this case is consistent with Minnesota law and the purposes of the act. Minnesota law does not support Wheeler's argument that Clark, Juetten, and Lindberg were required to present evidence documenting a causal connection between violation of the compact-and-contiguous requirement and increased public consumption of alcohol.

Wheeler argues that until the district court granted partial summary judgment for Clark, Juetten, and Lindberg, he believed the Krazy Rabbit to be in compliance with Minn.Stat. ch. 340A, and should not be held retroactively liable for the illegal sale. But the July 2001 letter from the county zoning administrator notified Wheeler that the proposed construction was an impermissible expansion of the existing adult-entertainment establishment. The legislature has imposed on liquor vendors the responsibility of complying with the requirements of chapter 340A, which requires vendors to take affirmative steps to ensure that all liquor sales are legal. *Englund,* 555 N.W.2d at 332.

Finally, Wheeler argues that a violation of the compact-and-contiguous building requirement should not give rise to liability under the act because whether a violation occurred may require a fact-intensive determination. That a fact-intensive determination may be required does not preclude liability under the act. *See Strand v. Village of Watson,* 245 Minn. 414, 416, 72 N.W.2d 609, 612 (1955) (addressing sufficiency of evidence to create fact question as to whether individual was obviously intoxicated); *see also Jaros v. Warroad Mun. Liquor Store,* 303 Minn. 289, 296–97, 227 N.W.2d 376, 381–82 (1975) (same).

## DECISION

The district court properly determined that the sale of liquor to Peterson was an illegal sale under the act and granted summary judgment for Clark, Juetten, and Lindberg on the issue.

**Affirmed.**